STATE *versus* THOMAS S. BARTLETT, (*Claimant,*) *Appellant.*

Where, upon a warrant authorizing search for and seizure of intoxicating liquors as being kept and deposited for illegal sale, such liquors have been seized and libelled, a person who appears generally, and files his claim to the said liquors or a part of them, thereby waives any defect in the monition and notice.

Either the records of inferior Courts, or duly authenticated copies thereof, or the original papers on which they are founded, are competent evidence.

Upon trial on a libel against intoxicating liquors seized as being kept for illegal sale, the original complaint and warrant are admissible in evidence.

The testimony of the officer who seized and libelled the liquors, as to their identity, is unobjectionable.

THIS was a LIBEL, by J. L. Heath before the Municipal Court for the city of Augusta, against certain intoxicating liquors, a part of which were claimed by the defendant. It was tried in the Municipal Court, and judgment rendered against the defendant, from which he appealed.

Before trial of the appeal, the defendant moved that the libel and process be quashed, because of certain objections to the warrant on which the liquors were seized, to the officer's return thereon, and to the libel. The Court, MAY, J., presiding, overruled the motion, and the defendant excepted.

The case was tried on the libel and the defendant's claim. To make out the case, on the part of the government, the County Attorney offered an original complaint and warrant issued by S. Titcomb, Judge of the Municipal Court for the city of Augusta, dated Oct. 14, 1859. The warrant was for search and seizure, under the 14th section of the Act of 1858. It had been executed by the officer to whom it was directed, and by him returned to the said Judge, and the defendant in that process had been tried and convicted in that Court, and appealed.

The complaint and warrant, and the officer's return thereon, were objected to by the defendant, but admitted.

J. L. Heath, called by the government, testified that he was the officer who had the warrant, and made the search

State *v.* Bartlett.

and seizure, and identified the liquors mentioned in his return as the same described in the warrant, and seized by him by virtue thereof. This testimony was objected to by the defendant, but admitted.

The jury returned a special verdict against the defendant. To the ruling of the Court, the defendant excepted.

After verdict, and before final judgment thereon, the defendant moved that judgment be arrested, because of sundry objections to the warrant on which the liquors were seized, and also for the following reasons:—

1. Because said libel does not state the date of the warrant, by virtue of which said liquors were seized, and in no way identifies or refers to said warrant. It does not allege when said liquors were seized, nor when they were intended for sale in violation of law. It does not allege who was the keeper or possessor thereof at the time of seizure.

2. Because, if every allegation contained in said libel affirmed by said verdict of the jury be true, it does not appear that said intoxicating liquors were kept and deposited for the purpose of sale in violation of any existing law of this State.

3. It does not appear that the Judge of the Municipal Court gave, or caused to be given, the requisite notice required by law on said libel.

The Court overruled the motion, and the defendant excepted.

The libel, monition and verdict were made a part of the case. The libel alleged that the liquors libelled were seized by the libellant, "by virtue of a warrant duly issued by Samuel Titcomb, Judge of said Court," but the date of the warrant is not given, nor any further description of it. The monition and notice were in due form, but no return or other evidence of the posting thereof was exhibited.

*A. Libbey,* in support of the exceptions.

1. The original complaint and warrant were not admissible. The warrant had been executed and returned to Court,

and judgment had been rendered on the complaint. They had become matters of record. The legal evidence of their contents is a copy of the record. 1 Greenl. Ev., § 521; *Frost* v. *Shapleigh,* 7 Greenl., 236; *Holden* v. *Barrows,* 39 Maine, 135.

2. The judgment should be arrested. It is a well established rule of criminal law, that, if a complaint or indictment does not contain allegations sufficient to show that an offence has been committed by the defendant, judgment must be arrested.

The libel in this case is in the nature of a criminal process. The forfeiture of the liquors is in the nature of a penalty against the owner. It is declared a criminal process by Act of 1858, § 4.

The verdict merely affirms that the liquors were intended for unlawful sale, as alleged in the libel. The libel does not contain allegations sufficient to show that the liquors should be forfeited. It does not show when said liquors were kept and deposited and intended for unlawful sale, nor when they were seized.

If it should be said that the warrant is a part of the process, and that that contains the necessary allegations; the answer is that the complaint and warrant are in no way referred to in the libel so as to make a part of it. There is nothing in the libel to identify the warrant on which the liquors were seized, nor to show when the warrant was issued. None of the allegations in the complaint and warrant are affirmed by the verdict.

3. The complaint and warrant are defective.

4. The liquors cannot be decreed forfeited, because there was no notice given by the Judge of the Municipal Court. *State* v. *Robinson,* 33 Maine, 564.

*Drummond, Attorney General, contra.*

The defendant, having appeared to defend, cannot complain of want of notice. *State* v. *Miller,* Penobscot County, 1859, not yet reported.

State v. Bartlett.

A motion in arrest of judgment does not apply to this case. R. S., c. 82, § 26. This is a civil, not a criminal case. It is not on a sworn complaint. It is not in the name of the State, but of an individual. No person is arrested or charged with any crime. The questions raised are merely whether the claimant owned the liquors, and, if so, whether they were or were not intended for unlawful sale. The Court is to hear evidence offered by either libellant or claimant. If the claimant fails, the libellant may recover costs. The claimant may appeal, and must recognize as in civil cases.

But, if such a motion could be entertained in any similar case, it cannot in the case at bar. The issue was tried, not on the libel alone, but on the claim and libel. Stat., 1858, c. 33, § 16. The claim not being made a part of the case, the Court will not adjudicate upon it.

It is objected, that the libel does not show the time of seizure, and the time when the liquors were intended for sale. The officer is required "immediately" to libel the liquors. Sec. 18. Consequently the date of the libel shows the time sufficiently. The claim should fix the time, and, if so, all the proceedings relate to that date.

The objection, that the libel does not show who was the keeper or possessor of the liquors, cannot avail. If intended for unlawful sale, whether by the claimant or any one, they are to be condemned. State v. Miller, before cited.

The original complaint, warrant and return are competent evidence. 1 Greenl. Ev., § 513; Matthews v. Houghton, 11 Maine, 377; Chase v. Hathaway, 14 Mass., 222.

The opinion of the Court was drawn up by

Rice, J.—This case comes before us on motions to quash, and in arrest of judgment. So far as the motion to quash, and the motion in arrest of judgment, are based upon alleged defects in the complaint and warrant, they have already been considered in the case of State v. Bartlett, Appellant, ante, p. 388, and cannot prevail for reasons there stated.

These motions also include objections to the sufficiency of the libel, monition and notice.

The statute, c. 33, laws of 1858, under which the liquors in controversy were seized, contemplates that liquors may be found in the custody of one person, but may be owned and intended to be used for lawful or unlawful purposes by other persons. It therefore provides for the punishment of the persons who keep or have in their possession liquors with intent to sell the same unlawfully. It also provides that the owner of the suspected liquors, or those entitled to their possession, may come in and defend them against the charge of being intended for sale in violation of law.

These two proceedings, though originating in the same preliminary charge, are, in the end, entirely distinct; one terminating in a judgment in which the *status* of the liquors is determined; the other, in a judgment, in which the guilt or innocence of the party having such liquors in custody is determined.

The party having the custody of the liquors is brought before the Court on the warrant, and is thereby distinctly notified of the charges against him, and is thus placed in a position to be called on to make his defence.

The liquors, on the other hand, may be owned by other parties, who are ignorant of any charge having been made against them. To the end, therefore, that all parties interested may have knowledge of the proceedings against such liquors and an opportunity to defend their rights, the fifteenth section of the Act above referred to requires that the officer seizing such liquors, shall, immediately after seizure, libel the same, and that the magistrate, before whom the warrant is returnable, shall thereon issue his monition and notice of the libel, therein giving notice to all parties interested, of the charges against the liquors, and of the time and place appointed for the trial of the question whether said liquors were intended for unlawful sale or otherwise.

Under this notice, any person may come in, and, on filing

State *v.* Bartlett.

his claim to the liquors or any part of them, as provided in the statute, may be heard on the question of the forfeiture or non-forfeiture thereof. If, on the trial, such claimant shall make it appear that he was entitled to the liquors libelled, or any part thereof, and it shall not appear that they were intended for unlawful sale, it will become the duty of the magistrate to deliver such liquors to the claimant; otherwise to declare them forfeited.

The libel, monition and notice, are required to give notice to all parties interested, that the liquors have been seized under a charge that they were intended for sale in violation of law. This libel and notice should, undoubtedly, be so specific in its description of the process on which the seizure was made, of the liquors seized, of the charge against them, and of the time and place of seizure, that a person interested may thereby be notified with reasonable certainty of their identity, and the circumstances under which they are held. If the libel and notice should not be sufficient for these purposes, and the liquors should be decreed forfeited, because no claimant appeared, it might admit of a doubt whether the owner would be bound by such decree.

But where a claimant appears, and duly files his claim, and thereupon is admitted to defend, and is heard upon the libel and the claim, which hearing involves all questions as to the legality of the original seizure, he then has availed himself of all the rights and privileges which the law contemplates. He may not be obliged to come in on an insufficient notice. But the notice being designed for his benefit, he may waive any defects therein, if he choose so to do. By appearing generally, and filing his claim, he thereby elects to waive defects in the notice. *State* v. *Miller*, not yet reported.

The only remaining question arises upon the exceptions. At the trial, the original complaint and warrant, with the officer's return thereon, were offered in evidence by the government, and admitted by the Court, against the objections of the defendant.

The case was originally cognizable by the Judge of the

Police Court for the city of Augusta. In that court, all the original papers were entered, and became matter of record. The judgment of that court was against the claimant, and the liquors were decreed forfeited. From that judgment the claimant appealed, and the statute required that he recognize with sureties, as in civil cases, from said magistrate. It then became the duty of the appellant to produce, in the appellate court, a copy of the record and of all the papers filed in the case, except depositions or other written evidence or documents, the originals of which should be produced.

The presumption is, that the records of inferior courts are regularly made up, and, though such records, or duly authenticated copies thereof, are deemed evidence of the highest character, and cannot be explained or contradicted by parol testimony or extraneous documents, that fact does not exclude the original papers on which such records are founded. Either are competent evidence. *Day* v. *Moore*, 13 Gray, 522.

The testimony of the witness Heath, as to the identity of the liquors, was unobjectionable. *Exceptions overruled.*

*Judgment on the verdict.*

TENNEY, C. J., and CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.