# Commonwealth *v.* Mondalek, Appellant.

*Criminal law—Selling liquor without license—Jamaica ginger—Alcoholic contents.*

On an indictment for selling liquor without a license a conviction will be sustained where the evidence establishes that the defendant, who conducted a grocery and confectionary business, sold a compound called Jamaica ginger containing 89 per cent alcohol. As the defendant was not a registered druggist the contention that the sales were made for medical purposes was without merit, and the fact that the drink was sold to many persons and that 3,600 bottles of the compound were found on the premises, was sufficient evidence to warrant the jury in returning a verdict of guilty under the indictment.

*Criminal law—Selling liquor without a license—Evidence.*

On the trial of an indictment for selling liquor without a license, it was permissible for the Commonwealth to produce evidence of the presence of a quantity of liquor on the premises which, taken in connection with other evidence in the case, was a relevant fact bearing on the motive, good faith and guilty knowledge of the defendant. It tended to show an extensive business in a preparation composed almost wholly of some form of alcohol and adapted to use as a beverage. It was a link in the chain of evidence to show an unlawful sale of a prohibited article.

Argued October 11, 1920. Appeal, No. 73, Oct. T., 1920, by defendant, from sentence of Q. S. of Fayette County, June Sessions, 1920, No. 59, in the case of Commonwealth of Pennsylvania v. Mike Mondalek. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for selling liquor without a license. Before REPPERT, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

384, (1921).] Assignment of Error—Opinion of the Court.

*Assignments of error* were various rulings on evidence, charge of the court and refusal to quash the indictment.

*A. E. Jones* and *George Patterson,* for appellant.

*William A. Miller,* District Attorney, for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The defendant was convicted of selling liquor without a license. The evidence showed numerous sales of a compound called Jamaica ginger which was shown to have contained 89 per cent of alcohol. The evidence was abundant and not contradicted. Many sales were made by the defendant to different persons. He and his wife conducted a grocery and confectionery business. They maintained a soda fountain and the "Jamaica Ginger" was mixed with soda water and drunk at times in the store, at other times it was taken away. About thirty-six hundred bottles of the compound were found on the premises of the defendant. He contended that the sales were for medical purposes, but the frequency of such sales and the quantity sold left little support to this position. The defendant was not a registered druggist nor engaged in the sale of drugs. He could claim no exemption therefore from responsibility for the sale of spirituous liquors because the thing sold was called Jamaica ginger, nor because he considered it a medicine. The second and fifth points presented by the defendant's counsel were therefore properly refused. Nor is there more merit in the third assignment that the quantity of Jamaica ginger found on the premises is not evidence of illegal sale. The presence of a quantity of liquor on the premises taken in connection with the other evidence in the case was a relevant fact bearing on the motive, good faith and guilty knowledge of the defendant. It tended to show an extensive business in a preparation composed almost wholly of some form of alcohol and adapted to use as a beverage. It was a link in the chain

of evidence to show an unlawful sale of a prohibited article: Com. v. Johnson, 5 Pa. Superior Ct. 585. The remaining assignments relate to the instructions of the court with reference to the effect of the eighteenth amendment to the federal Constitution and the enactment of the national prohibition law on the act of this State of May 13, 1887, P. L. 108. This subject is considered and disposed of adversely to the appellant's contention in an opinion in the case of Com. v. Tony Vigliotti, 75 Pa. Superior Ct. 366. For the reasons there stated, the assignments bearing on that subject are overruled. The judgment is affirmed and the record remitted to the court below. And it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.