# Commonwealth of Pennsylvania *v.* Habib. Appeal of Motors Mortgage Corp.

*Intoxicating liquor—Act of March 27, 1923, P. L. 34—Seizure of automobile used in illegal transportation of liquor.*

On proceedings for the return of an automobile, alleged to be used in the illegal transportation of intoxicating liquor, a petition was filed alleging the lawful ownership of the automobile by an assignment of a bailment lease; that the owner did not consent to or know of the use thereof for the transportation of intoxicating liquors; that the lease contained an express covenant against such use, and praying that the automobile be delivered to it. The district attorney and chief of police filed an answer denying the material averments of the petition. Depositions were taken wherein the Commonwealth proved that the bailee of the car had been arrested, and that several quarts of liquor were found in the automobile. There was no evidence that the liquor was intoxicating. Subsequently a supplemental petition was filed averring that the bailee had been acquitted and praying for the return of the machine.

In such case, the petitioner has the right to petition for the return of the motor vehicle under the provisions of sections 11, D., VI, of the Act of March 27, 1923, P. L. 34. The claim of ownership provided for in subsection D, VI, of section 11, may be filed by any person claiming the ownership of any vehicle, the disposition of which is provided for in section 11 of the said act. When a vehicle has been seized in connection with the transportation of intoxicating liquor and the officers of the Commonwealth no longer require the same as evidence, there would seem to be no valid reason why a claimant should be required to wait until the district attorney institutes a proceeding to condemn the property.

Under the provisions of subsection D, VI, the owner can institute a proceeding to recover his property, with notice to the district attorney by a hearing similar to that which is held, where the Commonwealth has instituted a proceeding to condemn and forfeit property.

Argued December 8, 1924. Appeal, No. 251, Oct. T., 1924, by Motors Mortgage Corporation, from decree of Q. S. Northampton Co., Sept. T., 1923, No. 101, in the case of Commonwealth of Pennsylvania v. Joseph Habib

198, (1925).]          Opinion of the Court.

or Habib Joseph.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for the return of a motor vehicle seized under the provisions of the Act of March 27, 1923, P. L. 34. Before STEWART, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.   Motors Mortgage Corporation appealed.

*Error assigned* was the decree of the court.

*Wilbur F. Galbraith,* and with him *Smith, Paff & Laub,* for appellant.

*R. E. James,* District Attorney, and with him *R. C. Mauch,* Assistant District Attorney, for appellee.

OPINION BY GAWTHROP, J., March 16, 1925:

Joseph Habib was arrested September 9, 1923, under the Act of March 27, 1923, P. L. 34, for unlawfully transporting intoxicating liquor.   When arrested he was driving on Overland automobile which he had obtained June 29, 1923, from the Easton Overland Company under a bailment lease, which lease was forthwith assigned by the Easton Overland Company to the Motors Mortgage Corporation, appellant.   The automobile was taken into custody by the police authorities of Easton and has remained in their possession.   January 14, 1924, appellant filed in the court of quarter sessions a petition alleging that it was the lawful owner of the automobile by assignment of the above-mentioned lease; that it did not consent to, or know of, the use thereof for the transportation of intoxicating liquor; that the lease contained an express covenant against such use; and praying that the automobile be delivered to it.   The court granted

a rule on the district attorney and the chief of police of the City of Easton to show cause why the automobile should not be returned to the petitioner. The district attorney and the chief of police filed an answer denying the material averments of the petition. Depositions were taken April 7, 1924, in which it satisfactorily appears that appellant is the owner of the automobile as averred in the petition. The Commonwealth proved that when Habib was arrested several quart bottles of liquor were found in the automobile which was being driven along a street in Easton. There was no evidence that the liquor was intoxicating. The depositions were filed forthwith in the court below. May 13, 1924, appellant filed a supplemental petition averring that Habib was tried and acquitted April 17, 1924, of the charge upon which he was arrested, and praying for an order directing the delivery of the car to it. No answer to this petition was filed, but June 2, 1924, the court filed an opinion in which it is stated that Habib was acquitted as averred in the supplemental petition. The rule to show cause was discharged and we have this appeal from that order.

The reason for the action of the court is stated in its opinion as follows: "In the present case the petition was either presented for the purpose of having the court exclude testimony concerning the taking of the liquor in the automobile, which practice was in vogue prior to the late decisions of the Superior Court in Com. v. Rubin, 82 Pa. Superior Ct. 315; and Com. v. Schwartz, 82 Pa. Superior Ct. 369; or it was presented under section 11, (D), paragraph 6 of the act. In either event it is not the proper procedure. The proper procedure is to proceed under section 11, (D), paragraphs 1 to 5." Examination of the petition has convinced us that it was filed under section 11, D, VI, of the Act of 1923. And we are of opinion that the procedure is authorized by the statute. We do not think that the claim of ownership provided for in subsection D, VI, of section

11, may be filed only in, and as part of, the condemnation proceeding provided for by section 11. Subsection D, VI, provides that any person claiming the ownership of any vehicle, the disposition of which is provided for in section 11, may at any time before its sale present his petition to the court alleging his lawful ownership thereof, and if such ownership is established, together with the fact that any unlawful use thereof was without his knowledge and consent, the court may order the same returned to the claimant. When a vehicle has been seized in connection with the transportation of intoxicating liquor and the officers of the Commonwealth no longer require the same as evidence, there would seem to be no valid reason why a claimant should be required to wait until the district attorney institutes a proceeding to condemn the property. Subsection D, IV, authorizes him to institute a proceeding to recover his property and provides for notice to the district attorney and a hearing similar to that which is held where the Commonwealth has instituted a proceeding to condemn and forfeit property. We decided in Com. v. One Ford Truck, No. 46, October Term, 1924, that an owner of a vehicle, who has delivered possession thereof under a bailment lease is not excluded from the provisions of section 11, D, VI, of the Act of 1923; and that the statute invested the court with discretion to determine whether the vehicle shall be returned to such a claimant or shall be condemned and sold and the owner remitted to the fund realized from the sale. Therefore the remedy provided by subsection D, VI, was available to appellant. It was the duty of the court to consider the evidence and decide whether the claimant made out a case which required the delivery of the car to it. Of course, the proceedings against Habib and against the automobile charged with being used in transporting intoxicating liquor are separate and distinct. The acquittal of Habib does not dispose of the case the Commonwealth may have against the automobile.

Being of opinion that appellant was entitled to proceed as it did and to get a decision upon the case as made, we are constrained to reverse the order and remit the record with a procedendo.

TREXLER, J., dissents.