# Commonwealth ex rel. Joseph Policastro *v.* Keister et al., Appellants.

*Criminal law—Intoxicating liquors—Possession—Manufacture of wine from grape juice for domestic use—Petition for return of wine —Indictment for illegal possession—Return—Evidence—Pending indictment. Act of March 27, 1923, P. L. 34.*

Upon information made before a justice of the peace, and by virtue of a warrant issued by the said justice, a county detective arrested the defendant charged with the manufacture, possession and sale of intoxicating liquors, and seized three barrels of wine.

The defendant thereupon petitioned the Court of Quarter Sessions that the wine should be returned to him, averring that it was made by him on his own premises and was the result of natural fermentation.   The court, after hearing, ordered the wine to be returned. The Commonwealth objected to the return of the wine and appealed from the order.

*Held*: that the action of the court below was premature and in error because the defendant had not been tried on the indictment for violating the law relating to intoxicating liquor, and therefore it was error to return the wine which in itself was evidence of the alleged crime. *Not decided whether the possession of wine made by natural fermentation of grape juice for domestic purposes is in violation of the Act of March 27, 1923, P. L. 34.*

Argued October 4, 1926.   Appeal No. 18 April T., 1927, by John R. Keister, District Attorney et al. from decree of Q. S. Westmoreland County, February T., 1926, No. 48 in the case of Commonwealth ex rel. Joseph Policastro v. John R. Keister, District Attorney of Westmoreland County, and H. E. Fox, County Detective.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Petition for the return of three barrels of wine. Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

The court ordered the return of the wine.   Commonwealth appealed.

COM. ex rel. POLICASTRO *v.* KEISTER et al., Appels.   199

198 (1926).]   Assignment of Error—Opinion of the Court.

*Error assigned,* was the decree of the court.

*John R. Keister,* District Attorney, for appellant.

*James Gregg,* and with him *Curtis H. Gregg,* for appellee.

OPINION BY KELLER, J., November 17, 1926:

On January 16, 1926, H. E. Fox, county detective of Westmoreland County, made information before W. Irvin Hunter, justice of the peace for Greensburg Borough, against Joe Policastro and George Policastro charging them with violating the law relating to intoxicating liquors (Act of March 27, 1923, P. L. 34); and by virtue of a warrant issued pursuant thereto by said justice arrested Joe Policastro and seized six barrels of intoxicating wine found on his premises.

On the same day,—and before any return had been made to court of the proceedings under the warrant above referred to—Joe Policastro presented his petition to the Court of Quarter Sessions of Westmoreland County, setting forth that he had been arrested as beforementioned for violation of the liquor law on information made by said county detective Fox and that a search warrant had been issued to said Fox; that acting by virtue of said search warrant said Fox had gone to petitioner's home and removed three barrels of fruit juices made from grapes; that said fruit juices were manufactured by him from grapes on his premises in Madison Street and at his residence and had never been out of his possession until removed by said Fox in pursuance of the alleged powers of said search warrant; and that if said fruit juices were now intoxicating it was due to natural fermentation while in petitioner's possession; and praying for a rule on the district attorney and the county detective to show cause why the said three barrels of fruit juices should not be returned to him.

200 COM. ex rel. POLICASTRO *v.* KEISTER et al., Appels.

Opinion of the Court. [89 Pa. Superior Ct.

To this petition the county detective made answer admitting the arrest of the petitioner as averred in said petition, but denied that acting by virtue of said search warrant he had gone to the home of the petitioner and removed three barrels of fruit juices made from grapes. He averred, on the contrary, that he was the arresting officer in the case; that he had in his possession a warrant for the arrest of said petitioner charging him with violation of the liquor laws; that it was his duty as an officer to take into custody any personal property found in the possession of the person arrested which could fairly be used as evidence against him at the trial for the offense charged, and that he did arrest said petitioner pursuant to said warrant; and while still in possession of said warrant, together with a search warrant duly issued, he did at once make search of the premises of said petitioner and did take into his custody six barrels of wine then in the possession of petitioner and on his premises; and that said wine was of such an alcoholic content as to be intoxicating and was and is intoxicating liquor.

In the meantime a hearing had been had before the justice of the peace on the charge upon which the warrant was issued, and the justice had returned the case to court and bound over the defendant Joe Policastro (this petitioner), to appear at the next court of quarter sessions to be tried on said charge; and the papers in the case, including the warrant and justice's transcript were filed in the office of the clerk of the court of quarter sessions on January 22, 1926.

The hearing under the petition was had on March 15, 1926, and the petitioner admitted as matter of record "that on or about the 16th day of January, 1926, the petitioner was arrested for violation of the liquor law on information preferred before W. Irvin Hunter, a justice of the peace for Greensburg Borough, Westmoreland County, Pennsylvania; that said information was made by one H. E. Fox, county detective, and

COM. ex rel. POLICASTRO *v.* KEISTER et al., Appels.   201

198, (1926).]          Opinion of the Court.

that by virtue of the said information and the process issuing therefrom the said matter in dispute was taken from the residence of your petitioner''; and that the wine was intoxicating when seized by the county detective.

In view of this formal admission at the hearing it is a little difficult to understand how the learned court below found, ''That from the evidence offered in this case it does not appear whether an information was made by the said H. E. Fox, defendant, although it is so alleged in the petition. It does not appear as to whether there is at the present time a proceeding pending against the petitioner, and as far as the record in this case shows the petitioner is not charged with any offense under the laws of the State of Pennsylvania.''

Some confusion was no doubt caused by the fact that when the petition was filed it was not given a docket number nor did it receive one until after the return of the complaint against Joe Policastro to court and the filing of the answer to the petition. But there can be no doubt that the evidence in the case showed the petitioner's arrest upon complaint for violating the liquor law and that the wine was seized in connection with and immediately following such arrest; it was not averred or shown that said prosecution had been terminated or dismissed; and the records of the court of quarter sessions showed it to be still pending and undisposed of.

The present proceeding was brought under the provisions of section 11 of the Act of 123, supra. It was not intended by those provisions to interfere with the orderly procedure of a prosecution for misdemeanor committed in violation of the Act, or to make the judge instead of the jury the trier of fact as to whether such prosecution was well founded. The very same section provides that no property rights shall exist in intoxicating liquors intended for use in violating any of the provisions of the Act or which has been so used,

202   COM. ex rel. POLICASTRO *v.* KEISTER et al., Appels.

Opinion of the Court.      [89 Pa. Superior Ct.

but upon possession or use of any such intoxicating liquor in violation of the Act, the same shall be deemed contraband and shall be forfeited to the Commonwealth; and in case of conviction for violating such law, the intoxicating liquors seized on the defendant's premises, or involved in such prosecution, are as respects his rights or interests in the same, conclusively forfeited to the Commonwealth and await only a formal order of the court as to their disposition.

It follows, then, that as long as there is a prosecution pending against the alleged owner of intoxicating liquors for violation of the provisions of the Act of 1923, supra, no such liquors lawfully seized under process connected with said arrest, or in the custody of the Commonwealth's officers, irrespective of the legality of such seizure, (unless the possession thereof by the defendant was admittedly lawful: Com. v. Scanlon, 84 Pa. Superior Ct. 569) should be ordered to be returned to such alleged owner prior to the determination in due course of trial of the issues of fact raised by such prosecution.

A conviction will conclusively forfeit all the defendant's right, title and interest in the liquors to the Commonwealth; an acquittal (unless based on a denial of ownership or possession: Sec. 11, B-II) will permit its return upon his satisfying the court that his possession and use was in compliance with law. An innocent third party claiming ownership in the liquor, and satisfying the court that it was lawfully acquired, possessed and used by him and that he had been free from wrongdoing in connection therewith, (that is, that the unlawful use, etc., was without his knowledge or consent), may secure its return to him; but this will not be ordered prior to the termination of the prosecution against the person found in possession thereof when seized, unless the Commonwealth is satisfied that such return may be made without injury to the pending prosecution. This is apparent from the language of

Sec. 11, clause VI, directing that in case the claimant fails to prove that the liquor so sought to be returned to him was lawfully acquired, possessed and used by him, etc., "it shall be destroyed.... ... .as hereinabove provided." The Act clearly contemplates no destruction of such important evidence while the prosecution is pending and undetermined; nor does it contemplate its premature return to a claimant before the prosecution is ended. This construction does not apply with quite the same force in the case of vehicles, etc., used in transporting liquor, which are not necessarily of value as evidence and are directed by the Act to be sold, not destroyed; and consequently may be disposed of whenever not required by the Commonwealth as evidence: Com. v. Habib, 85 Pa. Superior Ct. 198.

We are not required to decide in this case whether the possession of alcoholic wine, derived by process of natural fermentation from non-intoxicating fruit juices, manufactured since March 27, 1923, exclusively for use in one's private dwelling, is in violation of the provisions of the Act of 1923, supra. Even if permitted by the Act (which we do not now decide) its subsequent use and disposition may make such possession unlawful, and when that issue is pending in a prosecution instituted by the Commonwealth it should not be disposed of by the judge prior to the decision in orderly course upon the trial. It is to be noted that in the present case the petitioner did not specifically aver that his possession was lawful, or aver or prove that the fruit juices had been manufactured by him exclusively for use in his private dwelling.

We are of opinion that the proceeding was prematurely instituted and the order directing the return of the wine to the petitioner, improvidently made. The Commonwealth had brought no proceeding to forfeit or condemn the wine, and was not concerned as a plaintiff in the present application. It was wrongly enti-

204 COM. ex rel. POLICASTRO *v.* KEISTER et al., Appels.

Opinion of the Court. [89 Pa. Superior Ct.

tled. The caption should have been "In re Application of Joe Policastro for the return of Three Barrels of Wine."

The assignments of error are sustained, and the order of the court below is reversed at the costs of the appellee.