# Commonwealth of Pennsylvania, Appellant, *v.* Certain Confiscated Liquors.

*Criminal Law—Confiscation of Liquors—Proof—Reasonable Doubt —Effect of Acquittal—Res judicata.*

A proceeding by the Commonwealth to condemn alleged contraband intoxicating liquors is not technically a criminal one; it is a civil proceeding in rem against the liquors to determine whether they should be condemned as forfeited property, and as in other civil causes, is to be decided upon the preponderance of the evidence.

The rule that a defendant in a criminal case must be proved guilty beyond a reasonable doubt is a resultant of the presumption of innocence, which does not apply to civil issues, nor in seizures of property for violation of law.

A verdict of acquittal on a charge of violating the law relating to intoxicating liquors does not carry with it the right to a return of the liquors to the defendant. It is not res judicata in a proceeding to condemn the liquors.

The evidence in the criminal prosecution is not competent or admissible in chief to prove the facts relied on by the Commonwealth to secure a forfeiture of the liquors in a proceeding for

their condemnation. Neither the parties nor the issues involved are the same. Original proof must be offered of the facts averred in the petition necessary for an order of condemnation.

Argued April 11, 1927. Appeal No. 175, April T., 1927, by M. Levant Davis, District Attorney, from order and decree of Q. S. Erie County, May Sessions, 1925, No. 205, in the case of Commonwealth of Pennsylvania v. Certain Confiscated Liquors. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Proceedings to confiscate certain contraband liquors. Before SHULL, P. J. 43rd Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

The court directed the District Attorney to return to the claimant the liquors. Commonwealth appealed.

*Error assigned,* among others, was the decree of the court.

*M. Levant Davis,* District Attorney, for appellant.

*S. Y. Rossiter,* of *Rossiter & Dunn,* and with him *Robert J. Firman,* for appellee.

OPINION BY KELLER, J., July 8, 1927:

Acting on behalf of the Commonwealth, the district attorney of Erie County presented a petition to the Court of Quarter Sessions of that county, under the provisions of the 11th Section of the Act of March 27, 1923, P. L. 34, praying for the forfeiture, condemnation and destruction of certain described intoxicating liquors held in the custody of the law, which it was suggested—but not definitely averred—had been unlawfully possessed in violation of said act by one

Meyer Gold, when seized by the Commonwealth's officers. A copy of said petition was served on the said Meyer Gold, who filed an answer, which was not responsive to the averments of the petition, but set up that he had been tried in said court on a charge of illegally possessing the liquors referred to in said petition and had been acquitted and by reason thereof the said petition should be refused as res judicata, and the liquors in question ordered to be returned to him.

At the hearing on said petition and answer, the Commonwealth offered in evidence the entire record of the prosecution against said Meyer Gold, referred to in his answer, and the evidence of a witness taken in Canada on commission and interrogatories issuing out of said court, tending to show that the evidence of certain witnesses who had testified on Gold's behalf in said trial was false. Gold offered no testimony at the hearing.

The learned court below held (1) that the testimony taken on commission was inadmissible; (2) that the Commonwealth must prove its right to forfeit and condemn the liquors beyond a reasonable doubt; (3) that the verdict of not guilty in the criminal prosecution carried with it the right to a return of the liquors to the defendant; and directed the district attorney to return to Gold the liquors concerned in the proceedings. From that order we have this appeal.

At the outset we deem it proper to say that the appeal taken by the district attorney was on behalf of the Commonwealth. In taking it he was not acting for himself but as the agent of the Commonwealth, and it is its appeal, not his; just as an appeal taken by the president of a corporation, on its behalf, is the appeal of the corporation not of the president individually.

(1) For reasons hereinafter set forth we are not

required to pass upon the admissibility in evidence of the testimony taken on commission in Canada.

(2)  The Act of Assembly of March 27, 1923, supra, provides (p. 41) that the proceedings for the forfeiture and condemnation of intoxicating liquors, etc., shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant.   There is some conflict of opinion in the decisions of the several states as to the character of such proceeding, whether criminal or civil, and the degree of proof required for a forfeiture; but being governed by the language of our own statute, we are of opinion that the proceeding is "not technically a criminal one," (Com. v. Reo Speed Wagon, 87 Pa. Superior Ct. 38, 41, PORTER, J.), and that the Commonwealth is not required to do more than prove its averments by a preponderance of the evidence; for under our Act, where service of the petition is made upon the owner, the Commonwealth is not required to produce any affirmative proof, if the averments of the petition are sufficient and not denied by answer filed:  Com. v. One Ford Truck, 85 Pa. Superior Ct. 185, 187.   The rule that a defendant in a criminal case must be proved guilty beyond a reasonable doubt is a resultant of the presumption of innocence:  Coffin v. United States, 156 U. S. 432, 460; and the presumption of innocence is not applicable in civil issues nor in seizures of property for violation of law:  Lilienthal's Tobacco v. United States, 97 U. S. 237,

Our Act provides (Section 11B) that "if upon hearing before the Court of Quarter Sessions, or a judge thereof, it appears that any such intoxicating liquor 267. or property, so in the custody of the law or of any officer, was so possessed or intended for use in violating any of the provisions of this act, or has been so used, such intoxicating liquor and property shall be adjudged forfeited and condemned," etc.; while any per-

son claiming ownership or right of possession to such intoxicating liquor, must "prove by competent evidence to the satisfaction of the court that said intoxicating liquor ...... was lawfully acquired, possessed or used by him," or if unlawfully used by a person other than the claimant, "that such unlawful use was without his knowledge and consent," before it may be ordered returned to him.

The applicable principles were well considered in State v. Barrels of Liquor, 47 N. H. 369, 374, 375, where it was held: That the proceeding was not in the nature of a criminal complaint against any person, but simply in rem against the liquors for their condemnation as forfeited property; "no penalty or fine is to be imposed upon the person who keeps the liquor with intent to sell, under this proceeding. All that is done, or that can be done, under this complaint, is to settle the question, whether the liquors shall be condemned as forfeited to the county, or shall be delivered to the claimants, or restored to the place from whence they were taken." The question involved was only as to the title to property, and was to be considered and tried as other questions in civil causes are tried, and decided upon the preponderance of the evidence. See also, Lilienthal's Tobacco v. United States, supra, p. 268; Gaines v. Holmes, 114 S. E. 327, 329, (Ga.); United States v. Regan, 232 U. S. 37, 49; People v. Three Barrels, etc., 140 N. E. 234 (N. Y.); State v. Holcomb, 192 N. Y. Supp. 407, 410.

(3) We agree with the learned district attorney that under the provisions of our Act of Assembly the verdict of acquittal was not conclusive against the right of the Commonwealth to forfeit the liquors. The indictment of Gold for illegally possessing intoxicating liquors and the proceeding to forfeit the liquors seized on his premises were entirely distinct, and neither was conclusive of the other. In Com. v. Habib,

85 Pa. Superior Ct. 198, 201, we said, speaking through our Brother GAWTHROP, "The acquittal of Habib does not dispose of the case the Commonwealth may have against the automobile." In State v. Bartlett, 47 Me. 396, 400, the court said: "The two proceedings, though originating in the same preliminary charge, are, in the end, entirely distinct; one terminating in a judgment in which the status of the liquors is determined; the other in a judgment in which the guilt or innocence of the party having such liquors in custody is determined." In the very recent case of Murphy v. United States, 272 U. S. 630, the question was whether or not acquittal under a prosecution for maintaining a liquor nuisance barred a suit in equity to abate the nuisance, which the court answered in the negative. "For although the parties to the two cases are the same, the judgment in the criminal case does not make the issues in the present one res judicata, as is sufficiently explained in Stone v. United States, 167 U. S. 178, and Chantangco v. Abaroa, 218 U. S. 476. The government may have failed to prove the appellants guilty and yet may have been and may be able to prove that a nuisance exists in the place." Practically the same question came before the Supreme Court of Utah in State v. Certain Int. Liquors, 177 Pac. 235, 236, and it was held that acquittal of the criminal charge had no bearing on the proceeding for the condemnation of the liquors; and in Oregon (State v. Hoffman, 166 Pac. 765, 1 A. L. R. 1683) it was held that the acquittal of one charged with illegally selling intoxicating liquors did not warrant an order for the return of the liquors seized upon the institution of the prosecution against him, when the statute provided for a separate proceeding against the liquors to determine whether they should be destroyed or returned.

Our Act of Assembly provides for such a separate proceeding. It enacts that "Upon conviction of any

person of a violation of this Act, the court shall order and direct the sheriff of the County to destroy all such condemned intoxicating liquor and property seized or obtained from such defendant," etè., (Sec. 11, B. I.) but it does not declare that upon his acquittal the liquor so seized shall be returned to him. As above set forth it provides that liquor in the custody of the law or of any officer of the Commonwealth, can only be ordered returned to a claimant after he has proved "by competent evidence to the satisfaction of the court that said intoxicating liquor was lawfully acquired, possessed and used by him," etc. This is referred to in Com. v. Keister, 289 Pa. 225, 232, when the court said that upon a defendant's acquittal "his seized property goes back to him, if he proceeds under the act and obtains a proper order."

It is to be noted that in the trial of the prosecution against Gold, he did not testify as a witness, and in the present proceeding he has produced no proof, nor even made affidavit, of his lawful acquirement, possession and use of the liquors which were ordered returned to him.

(4) On the hearing before the lower court, the district attorney, apparently, did not consider the two proceedings to be as separate and distinct as he now asserts them to be, for on that hearing he offered in evidence the record, including the testimony, in the prosecution which resulted in Gold's acquittal. The evidence on that trial—the defendant did not testify— was not competent or admissible in chief to prove the facts relied on by the Commonwealth in this proceeding. Neither the parties nor the issues involved in the two proceedings were the same. Original proof should have been offered of the facts averred in the petition necessary for an order of condemnation. On the present state of the record, even taking into consideration the testimony taken on commission, we are not satis-

fied that the Commonwealth established its case by a preponderance of the evidence, and therefore cannot hold that the learned court below erred in not ordering the forfeiture and condemnation of the liquors involved; but this failure of a preponderance of proof on the part of the Commonwealth furnished no warrant for ordering the liquors to be returned to the appellee, who presented no claim in the terms of the statute and furnished no evidence whatever of his lawful acquirement, possession and use of them. His acquittal on the criminal charge did not make the matter res judicata and require their return to him.

The third and fourth assignments of error are sustained, and the order of the court below is reversed.