# Commonwealth, Appellant, *v.* 10 Barrels of Wine.

*Criminal law—Intoxicating liquors—Confiscation—Return—Petition for return.*

An order directing the return of a quantity of wine will be reversed where there was evidence that the wine was intoxicating; that a sale of one bottle had been made by the daughter of the petitioner; and there was no evidence to establish that the sale was made by her without the consent of the petitioner.

It was the duty of the petitioner to prove by competent evidence to the satisfaction of the Court, that the intoxicating liquor was lawfully acquired, possessed and used by him, or if unlawfully used by a person other than the petitioner, that such use was without his knowledge and consent.

The wine found in large quantities in his house was presumably under his control, and the sale of the beverage by his daughter unexplained must lead to the conclusion that the sale by her was with his consent. The prima facies being against him, he should have overcome it by competent proof. His failure to overcome the presumption against him, as required by the act, was fatal to his claim for the return of the goods.

Argued October 3, 1927. Appeal No. 529, April T., 1927, by Commonwealth from decree of Q. S. Somerset County, February Sessions, 1927, No. 3, in the case of Commonwealth of Pennsylvania v. 10 Barrels Wine and 50 Pint Bottles Wine. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Petition for return of quantity of wine. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The Court directed the return of the wine to the petitioner. Commonwealth appealed.

*Error assigned,* among others, was the decree of the Court.

*P. G. Cober,* District Attorney, for appellant, cited: Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369

(379); Commonwealth v. Vanderpool, 84 Pa. Superior Ct. 552 (554); Commonwealth v. Scanlon, 84 Pa. Superior Ct. 569 (571); Commonwealth v. Rubin, 82 Pa. Superior Ct. 315; Commonwealth v. Hunsinger, 89 Pa. Superior Ct. 238; Commonwealth v. Dabbiero, 89 Pa. Superior Ct. 435; Commonwealth v. Stubler, 84 Pa. Superior Ct. 32 (35).

*Clarence L. Shaver,* for appellee, cited: Commonwealth v. Berdenella, 288 Pa. 510 (515); Commonwealth v. Keister, 289 Pa. 225, 232; Commonwealth v. Premier Cereal and Beverage Company, Inc., 6 D. & C. 648; Commonwealth v. Certain Confiscated Liquor, 6 Adv. 502, 505, 506.

OPINION BY TREXLER, J., December 15, 1927:

This matter came before the lower court on a petition by the owner for the return to him of ten barrels and fifty bottles of wine taken by officers of the law from his dwelling. He alleges that the wine was manufactured as fruit juice exclusively for the personal consumption of his family residing in said dwelling.

At the hearing, it developed that a daughter of the petitioner, aged fifteen, sold a bottle of wine to a boy. It, as well as the other wine found upon the premises, contained an alcoholic content varying from ten to fifteen per cent. There was no denial of the fact that a sale was made by the daughter.

The wine found in the petitioner's possession being admittedly intoxicating, it was his duty to "prove by competent evidence to the satisfaction of the court that the said intoxicating liquor was lawfully acquired, possessed and used by him" or if unlawfully used by a person other than the claimant "that such unlawful use was without his knowledge or consent." (Section 11 B, 27 March, 1923, P. L. 34.) That the defendant was acquitted on the criminal charge (in this case by

direction of the trial judge) does not relieve him of compliance with the above section in this proceeding. Com. v. Habib, 85 Pa. Superior Ct. 198, 201; Com. v. Certain Confiscated Liquors, 91 Pa. Superior Ct. 165. He failed to do so. It was his duty to show that the daughter who sold the wine acted on her own initiative and without his knowledge or consent. The prima facies being against him, he should have overcome it by competent proof. His failure to overcome the presumption against him, as required by the act, is fatal to his claim for the return of the goods. The burden of proof was on him.

The wine found in large quantities in his house was presumably under his control and the sale of the beverage by his daughter unexplained must lead to the conclusion that the sale by her was with his consent. Com. v. Dombkowski, 86 Pa. Superior Ct. 468; Com. v. Fedulla, 89 Pa. Superior Ct. 244. While the presence of a large quantity of liquor would not in itself be conclusive of a violation of the law, it is, with the other evidence in a case, a relevant fact bearing on the intent and guilty knowledge. Com. v. Mondalek, 75 Pa. Superior Ct. 384; Com. v. Vigliotti, 75 Pa. Superior Ct. 366; Com. v. Scanlon, 84 Pa. Superior Ct. 569.

We think the lower court erred in ordering the return of the wine to the petitioner. The order of the lower court is reversed.