# Commonwealth, Appellant, *v.* Liquors Confiscated.

*Appeals—Moot question—Liquor law—Confiscation of liquor—Return of liquor.*

Where the court of quarter sessions orders liquor to be returned to a claimant after his acquittal of the charge of illegal possession, and the Superior Court reverses the order, but states that, on the evidence offered in the court below, it was unable to hold that the court below was in error in not ordering a forfeiture, and, on a subsequent appeal to the Supreme Court by the Commonwealth, the claimant files a disclaimer on any claim or right in the liquor, the question in the Supreme Court becomes moot.

Argued November 28, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 334, Jan. T., 1927, by Commonwealth, from judgment of Superior Court, April T., 1927, No. 175, reversing order of Q. S. Erie Co., May T., 1925, No. 205, in case of Commonwealth v. Certain Confiscated Liquors. Appeal dismissed.

Appeal from judgment of Superior Court.
The opinion of the Supreme Court states the facts.
Judgment of lower court reversed by Superior Court.

*Error assigned,* inter alia, was judgment of quarter sessions, quoting it.

*M. Levant Davis,* for appellant.

*S. Y. Rossiter,* with him *Robert J. Firman* and *Craig & Blass,* for appellee.

PER CURIAM, January 3, 1928:
This case involves a controversy over the right to possession of certain intoxicating liquor now held by

the Commonwealth, and in the custody of its representative, the District Attorney of Erie County.

In another proceeding, one Meyer Gold was tried on a charge of being in illegal possession of this liquor, and acquitted; he made claim to have the liquor restored to him. The Commonwealth, in the present proceeding, petitioned the court below asking for the forfeiture and condemnation of the liquor in question, which petition was refused and the liquor ordered returned to Gold. The Commonwealth appealed to the Superior Court (Com. v. Certain Confiscated Liquors, 91 Pa. Superior Ct. 165), which reversed the order just mentioned, but stated that, on the evidence as presented in the court below, it was unable to hold that tribunal erred in not ordering the forfeiture and condemnation of the liquors involved; from this decision the Commonwealth has appealed to us.

At the bar of this court, however, counsel for Gold filed a disclaimer, stating that he (Gold), the only one asserting title to the goods in controversy, waived "all claims and rights in and to said liquors," and, further, that he did "agree and stipulate the said liquors may be disposed of by the Court of Quarter Sessions of Erie County as it sees fit in accordance with law and with the same effect as though an order of confiscation had heretofore been made." This makes moot the questions sought to be presented on appeal.

The appeal is dismissed.