## Commonwealth v. A Quantity of Alcohol, etc.

*James A. Powell*, assistant district attorney, for Commonwealth.

*John Memolo*, for defendant.

SWOYER, P. J., twenty-second judicial district, specially presiding, November 28, 1941.—This case is before us upon a motion for condemnation and destruction of certain alcohol, wine, and liquor taken by the State Liquor Control Board as the property of Mariano Genovese. Such an action is in rem as against the wines and liquors and in such action no prior evidence may be introduced. See Commonwealth v. Certain Confiscated Liquors, 91 Pa. Superior Ct. 165.

At the hearing it was developed that for many years Mr. Genovese was and is now engaged in the importing business, and for a period of time was the holder of a distributor's permit; during this period he acquired the wines and liquors in question by both gift and purchase. It also appears in evidence that he has paid both the Federal and State taxes upon the said wines and liquors.

The petition for condemnation is made under the provisions of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 1, and inasmuch as the tax on the said liquors has been paid as aforesaid the reason for condemnation is that the said liquors were illegally acquired, in that they were not purchased through the Pennsylvania liquor stores. The question of criminal intent does not apply to this case, for no matter how innocent the possession may be, if it is illegal, the offense is committed. See Commonwealth v. One Dodge Sedan, 141 Pa. Superior Ct. 34.

Since the alleged offense is that the said wines and liquors were not purchased through the Pennsylvania liquor stores, it obviously cannot apply to those wines and liquors purchased or acquired before the effective date of the act which created those stores; neither can

the Pennsylvania Liquor Control Act of 1937, supra, be made retroactive. The effective date of the act establishing the Pennsylvania liquor store system was January 1, 1934.

In our opinion, therefore, defendant is entitled to have restored to him those wines and liquors acquired by him prior to the said date, and those wines and liquors acquired by him subsequent to the said date are subject to confiscation. We, therefore, make the following

*Order*

Now, to wit, November 28, 1941, for the reasons hereinbefore set forth, it is ordered and decreed that all wines and liquors, the property of Mariano Genovese, seized under the proceedings entered to the above number and term and acquired by him prior to January 1, 1934, be returned to him, and all those wines and liquors acquired by him subsequent to the said date be retained by the said Liquor Control Board for disposition according to law.