# Commonwealth *v.* Crawford, Appellant.

*Criminal law—Fornication and bastardy—Charge—Exceptions— Motion for new trial—Practice, Superior Court.*

The Superior Court will only reverse a judgment upon a verdict of guilty on a charge of fornication and bastardy, after a trial on the merits, for basic and fundamental error. Assignments of error complaining of parts of the charge of the court will not be considered where no exception was taken to the charge in the court below, and where upon inquiry by the trial judge as to whether any further charge or corrections were desired, no such request was made by counsel.

Refusal of a new trial is not reversible error where the evidence produced was sufficient, if believed, to warrant the verdict of the jury.

Submitted April 28, 1922. Appeal, No. 157, April T., 1922, by defendant, from judgment of Q. S. Allegheny Co., Sept. T., 1921, No. 798, on verdict of guilty in the case of Commonwealth of Pennsylvania v. David Crawford. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER. KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for fornication and bastardy.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal of new trial and various parts of the charge.

*F. J. Tyrell,* for appellant.

*R. M. Gibson,* Assistant District Attorney, for appellee, submitted no printed brief.

OPINION BY GAWTHROP, J., July 13, 1922:

Defendant was convicted and sentenced upon an indictment charging fornication and bastardy. All save

one of the assignments of error are defective because they are not based upon exceptions taken in the court below. The matters complained of in these assignments are errors in the charge and failure to charge on a point on which no instruction was requested. It would require a case disclosing basic and fundamental error to induce us to reverse a judgment, after a trial upon the merits, for any such reasons as are set forth in these specifications. If the trial judge fails to charge upon some point which the defendant's counsel regards as essential to the defense, it is only fair to the judge that his attention should be called to it before the jury leave the bar in order that he may correct any omission, if any has been made: Com. v. Zappe et al., 153 Pa. 498. This applies with especial force where the trial judge, at the end of his charge, asks counsel whether they have any request for further charge or corrections. In the case before us, the learned trial judge made such a request and counsel, by their silence, manifested satisfaction with the charge.

The only exception which appears in the record is that taken to the refusal of a new trial. This is made the basis of the first assignment of error. Careful examination of the evidence and the manner in which the case was submitted to the jury by the learned trial judge fails to convince us that the learned trial judge was guilty of abuse of discretion in dismissing the motion for a new trial. The evidence produced by the Commonwealth was sufficient, if believed, to warrant the jury in returning a verdict of guilty. As is usual in cases of this character, there was an irreconcilable contradiction between the testimony of the witness for the Commonwealth and those for defendant. It was the province of the jury to determine where the truth lay. This issue was determined against defendant after a charge free from reversible error.

The judgment is affirmed and the record remitted to the court below to the end that the judgment may be fully carried into effect.