# Commonwealth v. Croce, Appellant.

*Criminal law—Charge of court—New trials.*

Where in the trial of an indictment for unlawful possession of intoxicating liquor, the evidence is clearly sufficient to warrant a verdict of guilty, a refusal of a court to grant a new trial is not to be held erroneous, except for manifest error or clear abuse of discretion.

In the trial of such indictment, the defendant submitted a request to charge "that if the jury should find that the wine was in the possession of the defendant before the passage of the Act of March 27th, 1923, then the wine could not be considered by the jury in making up their verdict." This point was properly refused for the reason that it did not state that the finding of the jury must be based on the evidence, and for the further reason that the mere possession of the wine prior to the approval of the Act of 1923, would not necessarily render the possession after such approval lawful, without regard to how the possession had been acquired or what the defendant had done with it. The mere possession of intoxicating liquor is, under the express provisions of the statute, prima facie evidence that such possession is in violation of the statute and, in the absence of explanation, sufficient to warrant a conviction.

*Criminal procedure—Appeals—Assignments of error.*

Assignments of error, which embrace more than one point and do

not quote verbatim the parts of the charge to which they may be supposed to refer, are contrary to rules 22 and 24 of the Superior Court, and will be disregarded in accordance with rule 37.

An assignment of error which fails to comply with rule 26, in that it does not quote the question or offer, the objection thereto, the ruling of the court thereon, and the evidence rejected, is contrary to the provisions of Rule 26 and will be disregarded.

Argued Ocltober 4, 1926. Appeal No. 31, April T., 1927, by defendant from judgment of Q. S. Fayette County, September Sessions, 1925, No. 413, in the case of Commonwealth of Pennsylvania v. Luigi Croce. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for unlawful possession of intoxicating liquor. Before HUDSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to grant a new trial.

*George Patterson,* for appellant.

*A. E. Jones,* of *Jones, Whitehill & Lane,* and with him *E. D. Brown,* District Attorney, for appellee.

OPINION BY PORTER, P. J., December 10, 1926:

This is an appeal by the defendant from his conviction in the court below of the unlawful possession of intoxicating liquor for beverage purposes. The first assignment of error refers to the action of the court in refusing a new trial. When the evidence is clearly sufficient to warrant the verdict of guilty found by the jury, the refusal of the court to grant a new trial is

not to be held erroneous except in case of manifest error or clear abuse of discretion: Commonwealth v. Valverdi, 218 Pa. 7; Commonwealth v. Delero, 218 Pa. 487; Commonwealth v. Crawford, 79 Pa. Superior Ct. 483. The motion for a new trial assigns the usual reasons that the verdict was against the law and that it was against the evidence. We have carefully considered the evidence in the case and are convinced that it was fully sufficient to sustain the verdict, and the court below did not err in so finding. Counsel for appellant also included in the motion for a new trial an averment that the court had erred in instructing the jury, "in effect," without attempting to give verbatim the language of the charge; there was also included in the motion an averment that the court had overruled the offer of the defendant to prove certain facts, to which ruling the record discloses that no exception was taken in the court below; and that the court erred in refusing to affirm defendant's point, which requested the court to charge that: "If the jury should find that the wine was in the possession of the defendant before the passage of the Act of March 27, 1923, then the wine could not be considered by the jury in making up its verdict." If the appellant deems that his cause was prejudiced by any instruction given to the jury in the charge of the court he ought to have complied with Rule 24 of this court and quoted verbatim that part of the charge and the exception; this he has not done. The point requesting instructions, which is quoted above, was properly refused, for the reason that it did not state that the finding of the jury must be based on the evidence, and for the further reason that the mere possession of the wine prior to the approval of the Act of March 27, 1923, would not necessarily render the possession of it after such approval lawful, without regard to how the possession had been acquired, or what the defendant had done with it. The mere pos-

session of intoxicating liquor is, under the express provisions of the statute, prima facie evidence that such possession is in violation of the statute, and in the absence of explanation, sufficient to warrant a conviction. We are not convinced that the court below was guilty of an abuse of discretion in refusing the motion for a new trial, and the first assignment of error is overruled.

The second and third specifications of error violate Rules 22 and 24 of this court, in that they embrace more than one point and do not quote verbatim the parts of the charge to which they may be supposed to refer, nor do they refer to the pages in the record where such portions of the charge may be found, and for that reason are to be disregarded, in accordance with Rule 37.

The fourth assignment complains of the action of the court "in not permitting the defendant to prove by a chemist" certain facts. This assignment fails to comply with Rule 26, in that it does not quote the question, or offer, the objection thereto, the ruling of the court thereon, and the evidence rejected. This assignment is also fatally defective in that it is not based on an exception taken in the court below. The assignments of error are all dismissed.

The judgment is affirmed and the record remitted to the court below; and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.