### Carney et al. v. Penn Oil Co., Appellant.

*Equity—Equity practice—Exceptions to adjudication of judge invited from another county—Hearing before court in banc—Equity Rule 71.*

1. Under Equity Rule 71, a hearing on exceptions to the adjudication of a chancellor must be heard by the court in banc, which shall consist of the chancellor who heard the case and such other judges of the court of common pleas wherein the case was tried as are not debarred from service by illness or other potent reasons.

2. If the chancellor is a judge invited from another county, he must sit with the other judge or judges of the county in which

the case was tried, as a member of the court in banc to hear the exceptions.

3. If such judge alone hears and reviews the exceptions his decree on the exceptions will be set aside by the appellate court, and the record remitted to the court below to proceed in accordance with the equity rules.

4. *It seems* that if all the permanent judges are disqualified from sitting in banc with the visiting judge, a judge from another county should be called in to perform the service.

Argued May 9, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 152, Jan. T., 1927, by defendant, from decree of C. P. Erie Co., Sept. T., 1924, No. 1, for plaintiff in case of John G. Carney et al., owning property on Liberty Street or Park Avenue South, in the City of Erie v. Penn Oil Co.   Decree set aside and record remitted.

Bill for injunction to restrain the erection of a gasoline filling station.   Before ARIRD, P. J., specially presiding.

The court in banc, consisting of ARIRD, P. J., alone, dismissed the exceptions and entered a decree for plaintiffs.

*Error assigned,* inter alia, was order entered by ROSSITER, P. J., and HURD, J., refusing motion for argument of the exceptions before the Court of Common Pleas of Erie County in banc.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.—The fact that a judge from another district was called in to hear a particular matter, with the same power and authority as vested in the judge or judges of the district, cannot possibly deprive a party of the right given to him by Supreme Court Rule 71.

*Charles A. Mertens,* with him *Miles R. Nason* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 12, 1927:

This case was heard and decided by the Court of Common Pleas of the Sixth Judicial District, sitting in equity, the president judge of the 37th Judicial District, who had been invited, under the Act of April 27, 1911, P. L. 101, temporarily to become a member of that tribunal, acting as chancellor. After the adjudication, exceptions were filed by defendant, who formally moved the court to place such exceptions on the argument list to be heard "before the Court of Common Pleas of Erie County in banc." The court below declined the motion and entered the following order: "Defendant's motion for a hearing on exceptions to the decree nisi before the judges of the Court of Common Pleas of Erie County in banc is refused." To this order defendant excepted, a bill was sealed, and on the present appeal the propriety of this ruling is brought into question.

Equity Rule 71 plainly states: "If exceptions are filed, they shall be placed upon the argument list, as upon a rule for a new trial, and heard by the court in banc, which shall sustain or dismiss them, in whole or in part, and affirm, modify, or change the decree nisi accordingly." This rule and its predecessor, to the same effect, have been construed by this court to mean that the court in banc, which must hear the exceptions, shall consist of the chancellor and such other judges of the particular court of common pleas wherein the case was tried as are not debarred from service by illness or other potent reasons; and where the chancellor happens to be a judge from another district, invited into the court especially to preside, he, for the time being and for the purpose of completing all cases in which he presided, is a member of the court to which he was called, with all the powers and obligations of such membership, but with no other or greater powers. In other words, upon the hearing of cases which an invited judge tried, either in equity or common law, he should sit as a member of the court in

banc, but, unless absolutely necessary, should not be allowed, exclusively, to compose the court in banc.

In Kincinko v. Petruska, 259 Pa. 1, 7, 8, we said: "Under our well-established rule in equity, where a court consists of more than one judge, exceptions to an adjudication must be heard by other members of the tribunal in addition to the chancellor who tried the case, unless this course is made impossible by their physical disability or equally potent reasons."

In Thomas v. Herring, 244 Pa. 550, 558, we said that, "[When] counties have more than one judge [the equity rule] contemplates a review by the court in banc, that is, where possible, by the chancellor and one or more of his associates," adding, "it permits a review by the judge who heard the case where he has no associates, but does not contemplate such practice where there is more than one judge available." For additional cases on what is meant by the court in banc see: Myers v. Consumers Coal Co., 212 Pa. 193, 200, 201; Zerbey v. Allan, 215 Pa. 383, 386; Ebling v. Boro. of Schuylkill Haven, 244 Pa. 505, 508, 511, 512; Carter's Est., 254 Pa. 518, 527; Gail v. Phila., 273 Pa. 275, 279; McCormick's Contested Election, 281 Pa. 281, 285.

Here, the invited judge not only heard and decided the case as chancellor, but, alone, acted as the court in banc for the purpose of passing upon the exceptions. No reasons are assigned by the court below for refusing defendant's perfectly proper motion to have his exceptions heard before the court in banc, meaning, under the above authorities, a tribunal consisting of the chancellor and other members of the court below. In a case like the instant one, if, for any proper reason, founded on interest or otherwise, all the permanent members of a court are debarred from sitting in banc, they should call in another outside judge to perform that service (Summers v. Kramer, 271 Pa. 189, 195); but here there is nothing on the record to indicate incapacity on the part of the judges of the court below to act in this case.

Under the circumstances, we shall not pass upon the numerous questions discussed in the briefs, other than the one already determined; appellant's remaining points may be raised again after a decree is properly entered by the court below sitting in banc.

The present decree is set aside and the record is remitted to the court below to proceed in accordance with the requirements of the equity rules; costs to await final disposition of the case.