# Stone *v.* New Schiller B. & L. Association et al., Appellants.

*Equity—Pleading and practice—Hearing on bill and answer— Allegations not set forth—Knowledge of court not sufficient—Adjudication — Findings in separate paragraphs—Judges—Court in banc—Calling on outside judge.*

1. When a case is heard on bill and answer, every relevant averment of the answer, which is well pleaded, whether responsive to the bill or stated as an independent matter of defense, must be accepted as true, and all averments of the bill must be rejected in so far as they are denied or qualified by the answer.

2. In a case heard on bill and answer, allegations of fact not set forth in the pleadings cannot properly be considered, even though stated by the court to be within its personal knowledge.

3. In his adjudication, a trial judge should set forth his findings of fact, his conclusions of law and his discussion of the ques-

tions involved under separate heads, each finding and conclusion being distinctly stated in consecutively numbered paragraphs under its proper heading.

4. In judicial districts containing more than one judge, a visiting judge, called in to try a case, should not sit alone in disposing of exceptions to his adjudication; if all the judges of the district are disqualified, another outside judge should be called in to sit with him.

Argued April 9, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 183, Jan. T., 1928, by defendants, from decree of C. P. Lackawanna Co., March T., 1926, No. 14, for plaintiff, in case of Minnie L. Stone v. New Schiller Building & Loan Association, all officers, shareholders and stockholders from and after February 3, 1915. Reversed.

Bill for injunction, receiver, discovery and accounting. Before SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting record.

*M. J. Martin,* with him *P. W. Stokes, Vandling D. Rose* and *Paul G. Collins,* for appellants.—The court erred in entering a summary judgment against defendants on the pleadings: Gray v. Coal & Iron Co., 286 Pa. 11; Franklin Sugar Refining Co. v. Mercantile Co., 274 Pa. 206; Rhodes v. Terheyden, 272 Pa. 397.

The directors of a building and loan association, incorporated under the laws of Pennsylvania, are regarded merely as gratuitous mandatories, and as such are bound only to exercise their best judgment, and are not answerable for mistakes of judgment although so gross as to appear absurd, if honest and within the scope of their powers, and especially where they act under the advice

of legal counsel: Sperings's App., 71 Pa. 1; Watt's App., 78 Pa. 370; Swentzel v. Penn Co., 147 Pa. 140; Lincoln Market Co., 190 Pa. 124; Com. v. B. & L. Assn., 20 Pa. Superior Ct. 101.

The court erred in entering a final decree, appointing a receiver without making specific findings of fact and law upon which to predicate the decree: Hastings Water Co. v. Boro., 216 Pa. 178; Cairns v. Ingram, 8 Pa. Superior Ct. 514.

The chancellor alone improperly took cognizance of the exceptions to the decree nisi: Carney v. Oil Co., 289 Pa. 588.

*S. B. Price,* with him *C. ·B.* and *J. H. Price,* for appellee.—The withdrawing stockholder is entitled to preference if at the time of giving notice the association was actually solvent: Christian's App., 102 Pa. 184.

Where all the material allegations of the bill are admitted by answer, it is unnecessary to make specific findings of fact and law: Sherwood v. Cab Co., 283 Pa. 488; Fowler's App., 87 Pa. 449.

OPINION BY MR. JUSTICE SIMPSON, May 7, 1928:

Plaintiff filed a bill in equity against the New Schiller Building & Loan Association (hereinafter called the association), its present officers and directors, and all other unnamed persons who have been its "directors, shareholders and stockholders from and after February 3, 1915." This appeal is from a decree for plaintiff. For the reasons hereinafter stated the appeal must be sustained.

The bill may be epitomized as follows: The stock of the association was issued serially, and Christian and Mary Lange had paid in a large sum on their 325 shares in three several series. On February 3, 1915, they gave notice of withdrawal, but the association denied they were shareholders and refused to pay them anything. At that time there were sufficient assets to pay them

and all the other shareholders and creditors. On March 23, 1915, they assigned to plaintiff their interest in those shares; she sued the association and recovered a judgment more than ten years later. This long interval was due to the directors "delaying and hindering the ordinary and due conclusion of the suit." In fraud of her rights, the directors, after the notice of withdrawal, paid the amount due to shareholders whose series subsequently matured, and that due to withdrawing stockholders whose notices of withdrawal were later given, without first paying plaintiff's claim, or setting apart a fund to meet it. The association is not now collecting any dues, but, on the contrary, has converted all available assets, and, by the unanimous consent of the stockholders, has distributed to each his or her pro rata share thereof, cancelled their stock, and filed in the court below a petition for dissolution of the association as a corporation. From the advertisement of this proceeding plaintiff first learned of the final conversion and distribution. She asked that all other creditors, if any, be allowed to intervene; that the court add to or strike out the names of all those who should or should not have been made defendants; that the directors be enjoined from disposing of the assets, books and accounts of the company; that a receiver be appointed to take possession thereof, or that they be forthwith delivered to her attorneys for safe keeping pending the suit; that discovery be made of the value of the association's assets, of its debts and liabilities, of the names and addresses of all the directors since February 3, 1915, of all the shareholders to whom money had been paid since that date, and of the sums paid to each of them, and also of the amount properly assessable against the defendant directors and stockholders, the same to be paid to the plaintiff or plaintiffs, for distribution by them, to all the creditors of the association, but particularly to the payment of the present plaintiff's judgment.

Likewise epitomizing the answer, we find it admits that the shares of stock in the association were issued serially, and that Christian and Mary Lange, claiming to own 325 shares, gave notice of withdrawal on February 3, 1915, but it denies that they were then or ever had been owners of the shares, which had previously belonged to their son Louis A. Lange, who, more than five years before the notice of withdrawal, had transferred them to the association in part payment of over $237,000 of its money which, as its secretary, he had wrongfully appropriated to his own use; that the shares had then been duly cancelled by the association, and thereafter no dues had been paid by any one on account thereof. The answer also averred that if any payments were subsequently made by Christian or Mary Lange, it was to their said son, who received and retained the money for his own individual benefit and purposes. It admits that plaintiff had brought a suit against the association, which they aver is still pending and undetermined, no judgment having yet been recovered therein; that after the notice of withdrawal, several series of stock had matured and been paid off, and that shareholders in other series had given notice of withdrawal and had been paid, all these payments being made by advice of counsel, under the direction and supervision of the banking department of the State, in reliance on the fact that the 325 shares had been properly cancelled. It avers that plaintiff and the Langes knew these payments were being made for the purposes stated, and yet did not object to them, nor did the Langes pay any dues on the 325 shares during the five years between their cancellation and the notice of withdrawal. It admits that at the time the notice of withdrawal was given by the Langes, there were sufficient assets to pay all the creditors and shareholders, but denies that this would have been so if their alleged claim in respect to the 325 shares had been included among the liabilities; it admits that no dues are now being collected; that the association

has converted and distributed the balance of its assets and has applied to the court for its dissolution as a corporation; that the officers and directors have possession of the association's books, minutes, vouchers and records, but denies that there was any intention of disposing of or destroying them; and further denies every charge of wrongdoing alleged to have been done or contemplated, and every right contended for by plaintiff.

Plaintiff filed thirteen objections to the answer, pointing out wherein she thought it was defective, and defendants moved to dismiss the bill because of her laches. She thereupon ordered the case for a hearing, and the three judges of the court below, believing they should not sit, called in the president judge of another district to hear and decide the questions raised. He did so, and filed an opinion in which he reported in favor of entering a decree nisi appointing a temporary receiver, to whom the assets, books and records of the association should be delivered, and enjoining defendants from disposing of them. This he did though no motion for a receiver or for an injunction appears ever to have been made. Defendants filed exceptions; the same president judge, sitting alone, heard argument on and dismissed them, and "directed the prothonotary to enter the decree nisi as a final decree."

It is difficult from this record to determine whether the hearing was supposed to be on the exceptions to the answer and the motion to dismiss the bill, or upon bill and answer generally. If the former, defendants would have had the right to answer over if the exceptions were sustained. Inasmuch, however, as Equity Rule 48, upon which appellants partially rely for their contention that it was the former, does not provide for the character of exceptions filed by plaintiff, and, as the court below evidently treated the hearing as one upon bill and answer,—a conclusion not clearly challenged by the exceptions thereafter filed by defendants,—we will consider the appeal as if this was the nature of the hearing.

When a case is so heard, every relevant averment of the answer, which is well pleaded, whether responsive to the bill or stated as an independent matter of defense, must be accepted as true, and all averments of the bill must be rejected in so far as they are denied or qualified by the answer: Mazet v. Pittsburgh, 137 Pa. 548; Duncan v. Duncan (No. 1), 265 Pa. 464. This being so, defendants' averment that plaintiff had no judgment against the association, but only a suit which was pending and undetermined, should have been accepted as verity. Doubtless the sitting judge would have given this effect to it, but for his statement that he knew there was such a judgment, because, on the same day he filed his opinion in the present case, he also filed an order in the action at law, entering a final judgment therein in favor of plaintiff and against the association. This personal knowledge he had no right to import into the case, however, for the purpose of deciding it (Steel v. Levy, 282 Pa. 338; Sauber v. Nouskajian, 286 Pa. 449; Deere Plow Co. v. Hershey, 287 Pa. 92, 101; Heller v. Fabel, 290 Pa. 43, 49), especially as it was a matter occurring after the answer was filed, and defendants had no opportunity to interpose any defense they might have had in regard to it. Under the circumstances stated, this error is vital, and, as it pervades the opinion throughout, necessitates a reversal of the decree.

We do not agree with defendants' contention that the trial judge ignored Equity Rules 67 to 72. On the contrary, as our foregoing résumé of the proceedings shows, he substantially complied with them except in two particulars. Nothing would be gained by considering whether or not Sherwood Bros., Inc., v. Yellow Cab Co., 283 Pa. 488, excused him from complying in those respects also, since he does not claim that it did, and, moreover, by an amendment to Equity Rule 67 this day adopted, we have set the matter at rest for the future.

The first of the exceptions referred to is that he did not state his findings of fact and conclusions of law,

each grouped in separately numbered paragraphs distinct from every other finding and conclusion, and from his discussion of the questions involved, as we said was the proper practice: Taylor v. Order of Sparta, 254 Pa. 556. The second exception, which is more important, is that he should not have sat alone for the purpose of hearing the exceptions to his own adjudication: Carney v. Penn Oil Co., 289 Pa. 588. In passing upon them, the "invited judge......should sit as a member of the court in banc, but, unless absolutely necessary, should not be allowed, exclusively, to compose the court in banc": Ibid. 590-591. Here no such absolute necessity existed, for if the three regular judges of the court below still thought they were disqualified, "a judge from another county [as we said in a syllabus of that case, should have been] called in to perform the service." For this failure, also, under the case last cited, the decree must be reversed.

In order to avoid a possible misunderstanding, we add that we have not decided the question of plaintiff's alleged laches. Knowing that the association was a serial one, and would, in the ordinary course of business, pay withdrawing and maturing shareholders, it is gravely doubtful whether she could be silent during all the years after she began her suit at law and not pay the penalty for her indifference, at least as respects them (Booz's App., 109 Pa. 592, 600; Christian's App., 102 Pa. 184; Quein v. Smith, 108 Pa. 325) and perhaps, also, as regards the shareholders who continued to pay their dues after she began suit, and the directors who innocently and in good faith distributed the assets of the association in the customary way. We do not decide any of these matters, however, but call them to the attention of the court below that they may hereafter receive full consideration.

The decree of the court below is reversed at the cost of appellee, and the record is remitted for further proceedings not inconsistent with this opinion.