# Zimmerman *v.* Pennsylvania R. R. Co., Appellant.

*Appeals—New trial—Excessive verdict—Hearing by trial judge only—Court in banc.*

1. The obligation to control the amount of a verdict when claimed to be excessive, is not limited to the trial judge, but extends to the court in banc where the motion for a new trial must be argued.

2. In such case, where the court consists of two members, both judges should hear the argument for a new trial. Gail v. Philadelphia, 273 Pa. 275, followed.

3. If the rule is discharged by the trial judge alone, the case will be remanded with the rule reinstated, and with direction that the case be placed on the argument list and disposed of after consideration by a duly constituted court in banc.

Argued May 8, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 167, Jan. T., 1928, by defendant, from judgment of C. P. Northumberland Co., on verdict for plaintiff, in case of Howard Zimmerman v. Pennsylvania Railroad Co.   Reversed and remanded.

Trespass for personal injuries.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $20,000.   Defendant appealed.

*Error assigned,* inter alia, was refusal of new trial.

*Charles M. Clement,* for appellant.

*Fred B. Moser,* for appellee.

PER CURIAM, May 10, 1928:

In this action for personal injuries, plaintiff, by occupation an auto truck driver, recovered a $20,000 verdict, on which judgment was entered in his favor.   Defendant has appealed.

Among other complaints, the verdict is attacked as excessive.   This allegation was disposed of in a most general way by the court below, in an opinion written by the trial judge, dismissing a rule for a new trial and overruling a motion for judgment n. o. v.

It appears that, though the court below consists of two members, the trial judge alone heard argument on the above rule and motion.   No reason appears why the other member of the bench failed to sit.

In Gail v. Phila., 273 Pa. 275, plaintiff was awarded $19,325 for the permanent loss of part of the use of a leg; the verdict was set aside on appeal as exorbitant. We there said (page 279), as to the duty of a court of first instance in dealing with such a verdict: "The obligation to control [the amount of the verdict, when claimed to be excessive] is not limited to the trial judge, but extends to the court in banc, where the motion for a new trial is argued. It is the duty of all the judges so sitting, not only to hear, but subsequently to meet together, discuss and determine the matters presented before them, and, when a majority feel convinced an exaggerated verdict has been rendered, the amount should be reduced by proper order, or a new hearing awarded, even though the trial judge disagrees; otherwise, arguments before a court in banc are useless." Later, in McCormick's Election Case, 281 Pa. 281, 285, we said: "Where a court is acting as a whole, or in banc, all the judges constituting the tribunal, or as many of them as may be available at the time, ought to sit together; so that the litigants,—and the higher courts, when called on to review,—may have the benefit of the judgment of each member, or of as many of them as may be available for service." This means that, when the bench consists of two members, both must sit to consider rules and motions such as those taken and filed by defendant in the present case, or, if one of the judges is not available, a judge from another district must be called in to perform that service. In districts where the bench has a greater number of judges, at least two must sit on the court in banc to pass on such matters, and, when it can be conveniently arranged, three ought to sit. For additional recent rulings on this general subject, see Carney v. Penn Oil Co., 289 Pa. 588, 590, 591; Hanover Twp. School Directors, 290 Pa. 95, 102-103; Stone v. New Schiller B. & L. Assn., 293 Pa. 161.

Application of the above mentioned rules of procedure is particularly demanded in a case like the present

where, though a medical expert, called by plaintiff himself, testified that a wound in the latter's leg, the principal injury complained of, would be entirely cured, so that he could follow his usual occupation in the course of six or seven months, yet a verdict of $20,000 was awarded. To say the least of it, this state of facts calls for close scrutiny by a court in banc, constituted as required by our decisions; and we are entitled to the judgment of such a tribunal as to whether the award of the jury should be cut in amount. Since the case comes before us for review without this proper action by the court below, the record will have to be remitted, so that tribunal, sitting in banc, may hear and pass on the propriety of the amount of the verdict and also on defendant's other complaints, none of which will be determined on this appeal.

The judgment is reversed; the motion for judgment n. o. v. and the rule for a new trial are reinstated, with directions that they be placed on the argument list of the court below, at an early date, and disposed of after consideration by a properly constituted court in banc.