## Commonwealth v. Heffernan et al.

*W. J. MacCarter, Jr.,* and *Louis A. Bloom,* for Commonwealth.
*W. C. Alexander* and *J. E. McDonough,* for defendants.

MacDade, J., Jan. 24, 1929.—These defendants were charged with and convicted of manufacturing and possessing intoxicating liquors for beverage purposes.

They were tried Jan. 8, 1929, in the said court (MacDade, J.) and duly sentenced *eo die,* each to pay a fine of $1000 and costs of prosecution and undergo imprisonment in the Delaware County Jail for a period of six months maximum and one and one-half months minimum.

Before sentence and judgment, counsel for the defendant, Mat Heffernan, moved, orally, the court for a new trial, assigning such reasons as will appear in the record and the testimony transcribed and filed therein. The court heard argument thereon and, after due consideration, dismissed the motion and sentenced the defendant, but, however, allowing the defendant an opportunity to put said oral motion for a new trial in writing, which the defendant did, and the court then made the following order:

"And now, January 8th, 1929, the herein Motion for a new trial is refused *sec. reg.* Opinion of Court to be filed later.

           "By the Court:      A. D. MacDade,
                                         "Judge."

It will be noted that the defendants were sentenced upon one count only, namely, manufacturing intoxicating liquor, and sentence was suspended on the count for possessing, &c., for which they were convicted also.

The reasons assigned for a new trial by the said defendant, Heffernan, are as follows:

"1. The learned court erred in permitting the district attorney to ask the witness, Edward Burk, called by the defendant, whether or not he had ever been charged with a crime, this against the objection of counsel for defendant.

"2. The learned court erred in admitting other testimony, as will be shown by the notes of testimony.

"3. The learned court erred in the charge to the jury, wherein the learned court charged that having found a still and liquor in the possession of defendant, the burden shifted to the defendant to show that he had the liquor prior to prohibition, and what the learned court said in this respect.

"4. The verdict was against the weight of the evidence."

The defendants were incarcerated in the county jail aforesaid, whereupon the said Mat Heffernan appealed from the judgment of the court to the Supe-

rior Court of the Commonwealth of Pennsylvania and we allowed the appeal to act as a *supersedeas;* said defendant is now on bail to await the appeal.

The appellant above and the defendant herein was properly convicted after a fair and impartial trial and a charge by the court free from legal error, we believe, and in this counsel for this defendant has concurred.

The reason for this appeal is, we believe, that we did not permit this defendant to enter bail after his conviction to appear when required by the court, permitting, in the meanwhile, counsel to take four days in which to file a motion for a new trial in writing and assign reasons therefor, with the consequent delay in meting out punishment to the guilty. We thought, in the matter of a motion of this kind, when no substantial error was charged or committed by the court, it was our duty to expeditiously dispose of the motion upon argument then and there at bar and impose the sentence. We believe it fair to the defendant as well as the Commonwealth to dispose of all criminal matters promptly and without unnecessary delay, for, if a salutary lesson is to be administered to the convicted and the courts are to have the respect of the citizens and society is to be protected, it is imperative that it should not brook delay by reason of unnecessary and dilatory pleadings, the purpose of which is to delay justice and to clutter and congest the records with motions which can with justice be disposed of immediately at bar. The people are clamoring for speedy justice, and how can such be obtained when the courts calmly defer to the tactics of lawyers who are prone to file motion upon motion to keep their clients from familiarizing themselves justly with "durance vile?"

The purpose of this court is to administer justice swiftly in meting out punishment when deserved, not only as a deterrent to others but for the salutary effect upon the defendant. All the rights and privileges of this defendant were carefully conserved and protected, and it is evident he is but delaying the day when he must expiate his offense to society by serving the balance of his jail sentence.

There was no motion filed in writing or oral request made at bar that the oral motion for a new trial, and, subsequently, the motion for a new trial in writing, should be heard before the court *"in banc,"* and even if there had been, we do not understand the law to be that it was our duty as the trial judge to thus refer the same.

The argument for a new trial is correctly heard by the trial judge alone: Com. *v.* Toth, 145 Pa. 308; Com. *v.* Parker, 294 Pa. 144.

In the latter case, the point was directly raised in a homicide case in the Supreme Court, upon appeal, whether or not it was reversible error for the trial judge to hear defendant's motion for a new trial, sitting alone, instead of convening with his colleagues as a court *in banc.*

The Supreme Court (Moschzisker, C. J.) there said: "Under Equity Rule 71, all motions for new trials must be heard by the court *in banc:* Stone *v.* New Schiller, etc., 293 Pa. 161, 168; Carney *v.* Penn Oil Co., 289 Pa. 588, 590, 591, and authorities there cited. In the case of Sterrett *v.* MacLean et al., 293 Pa. 557, 563, *et seq.,* an appeal from a salary board to the Court of Common Pleas was required to be heard by the court *in banc.* In civil cases, the court hearing motions for a new trial must sit *in banc:* Zimmerman *v.* Pennsylvania R. R. Co., 293 Pa. 264, 266, 267; Gail *v.* Philadelphia, 273 Pa. 275, 279. There is no statutory requirement nor decision in Pennsylvania that a motion for a new trial in a homicide case must be heard *in banc,* yet this very proper practice prevails in the larger judicial districts of the State, and, had a request been made and refused that this course be pursued by the court below, we might have returned the record to give us the benefit of such a review; but,

under the circumstances, and in view of the fact that the record before us suggests no doubt of the justice of the verdict, we shall not disturb the judgment entered thereon for any such purpose."

One of the reasons assigned for a new trial is that the court erred in charging that the Commonwealth having found the still and intoxicating liquors, used for beverage purposes, in the possession of the defendant, the burden shifted to the defendant to show that he had the liquor prior to prohibition, etc.

Possession of such quantity of liquor unexplained justifies a conclusion that the sale was with his consent and shifted to defendant the burden of proving the contrary under section 11b, Act of March 27, 1923, P. L. 39: Com. v. Ten Barrels of Wine, 92 Pa. Superior Ct. 59.

The *prima facies* being against the defendant at bar, he should have overcome it by competent proof. His failure to overcome the presumption against him, as required by the act, was fatal to his claim for the return of the goods: Com. v. Habib, 85 Pa. Superior Ct. 198, 201; Com. v. Liquors, 91 Pa. Superior Ct. 165; Com. v. Dombkoski, 86 Pa. Superior Ct. 468; Com. v. Fedulla, 89 Pa. Superior Ct. 244; Com. v. Mazarella, 86 Pa. Superior Ct. 382; Com. v. Croce, 89 Pa. Superior Ct. 249.

The Act of March 27, 1923, § 4, P. L. 35, under which the defendant was indicted, provides that "proof of the possession of such intoxicating liquor shall be *prima facie* evidence that the same was acquired, possessed and used in violation of this act," and in section 13 provides: "In any prosecution under this act when proof has been given in evidence of the . . . possession . . . of any intoxicating liquor, the same shall be *prima facie* evidence that the same was so . . . possessed . . . for beverage purposes:" Com. v. Barrels of Beer, 93 Pa. Superior Ct. 84.

The latter case flatly holds that the burden shifts to show liquor was lawfully acquired and possessed.

Under the Act of Assembly of March 27, 1923, P. L. 35, the burden is on defendant to prove that liquor found in his possession was not acquired in violation of statute: Com. v. Fritz, 40 Lanc. Law Rev. 79; Com. v. Hastings, 94 Pa. Superior Ct. 389.

Any liquid which contains more than one-half of 1 per cent. alcohol is intoxicating according to the standards set by the Volstead Act (Section 2 of the Act of March 27, 1923, P. L. 35, commonly known as the Snyder Act). So we start out with the presumption that having a greater content of alcohol than is allowed by law, the liquor was intended for beverage purposes: See section 13 of the above act, which provides that the sale, possession, etc., of any intoxicating liquor shall be *prima facie* evidence that it was intended for beverage purposes, and the end of the section provides that "it shall be unnecessary, in any complaint, information, indictment or other pleadings, to negative any proviso or exception contained in this act."

It is true that the presumption does not apply to liquors for medicinal and certain other purposes which are enumerated in said section or to liquor which is unfit for beverage purposes, but the burden is upon the defendant to show that he comes under one of the excepted classes. If the defendant in this case could have satisfied the jury that he did not possess the intoxicant for beverage purposes, he would have been entitled to an acquittal: Com. v. Berdenalla, 288 Pa. 510.

That this is the duty imposed upon the defendant when he seeks to show that he comes under the exceptions contained in the law appears in many cases, among them being Com. v. Clymer, 30 Pa. Superior Ct. 61; s. c., 217

Pa. 302; Com. v. Vigliotti, 75 Pa. Superior Ct. 366, 374; Com. v. Jobe, 91 Pa. Superior Ct. 110.

The above authorities and others which we might discuss certainly hold to the view that the burden is on the defendant to prove that liquor found in his possession was not acquired in violation of the statute.

Another reason assigned was our permitting the district attorney, under cross-examination of a witness by the name of Burk, in an attempt to discredit him, to prove his conviction of a similar offense (possession of intoxicating liquor), a record of which was produced from our Delaware County Court's record, by asking him if he had not been so arrested for and convicted of such. Burk was much involved in the case at bar and really was the procuring agency of one of the defendants going bail for another offender in the same transaction. He owned a farm on which the still was found in operation, or the farm was close by and in the same township. He was a character witness, also, for Heffernan.

We admitted the evidence and the record because we thought it proper for the district attorney to impeach the credibility of the witness if he could: Com. v. Garanchowski, 251 Pa. 247; Com. v. Pava, 268 Pa. 520; Henry on Trial Evidence, 520; Com. v. Dorst, 285 Pa. 232.

"It is always permissible to cross-examine a witness concerning matters which tend to impeach his credibility . . . even though such questions may incidentally develop irrelevant facts prejudicial to the other party. The witness may also be questioned for the purpose of testing his knowledge and accuracy or the honesty and fairness, or to show motive. . . . He may also be questioned concerning matters which tend to cast suspicion on the party's case:" Henry on Trial Evidence, 535, 536; Com. v. Danarowicz, 294 Pa. 195, 196.

On cross-examination, a witness may be asked as to his conviction of such crime as affects his credibility: Com. v. Grill, 19 Berks Co. L. J. 555.

This question has been settled beyond the peradventure of doubt in Com. v. Arcurio, 92 Pa. Superior Ct. 404, which holds a witness for defendant in criminal case may be asked on cross-examination whether he had been convicted of a criminal offense.

It is well settled in this State that a witness in a criminal prosecution, not himself the defendant, may be asked on cross-examination, for the purpose of affecting his credibility, whether he has not been convicted of a felony or misdemeanor in the nature of "crimen falsi:" Com. v. Varano, 258 Pa. 442; Com. v. Robzin, 78 Pa. Superior Ct. 290, 292.

Holding to the above views and citing supporting authorities therefor, we see no good reasons why we should reverse our orders herein refusing new trials, and, therefore, make the following

### · Order.

And now, Jan. 24, 1929, in pursuance to our order of Jan. 8, 1929, as follows: "And now, January 8th, 1929, the herein motion for a new trial is refused sec. reg. Opinion of Court to be filed later.

"By the Court:      A. D. MacDade,
                                             "Judge."

we have filed the above opinion, and, after due consideration by the court in banc of the several motions and reasons for a new trial, the court doth order and decree that any and all motions for a new trial entered herein be and are hereby dismissed and sentence and judgment upon the defendants affirmed sec. reg.                                        From William R. Toal, Media, Pa.