Rosen *v.* Seidenberg, Appellant.

Argued October 18, 1933.

Before T<small>REXLER</small>, P. J., K<small>ELLER</small>, C<small>UNNINGHAM</small>, B<small>ALD-RIGE</small>, S<small>TADTFELD</small>, P<small>ARKER</small> and J<small>AMES</small>, JJ.

*Jacob Weinstein,* and with him *I. E. Coopersmith,* for appellant.

*Abraham Wernick,* and with him *I. Edward Prosen,* for appellee.

O<small>PINION</small> <small>BY</small> K<small>ELLER</small>, J., February 1, 1934:

Defendant appeals from an order of the court below

refusing to open a judgment for $200 entered by confession. This was a balance alleged to be due on a judgment note for $1,000, which the defendant admitted he gave the plaintiff, dated January 22, 1929, payable one day after date.

The defendant claimed to have paid the note and interest at 12% by three checks, one dated March 12, 1929 drawn on Republic Trust Co. for $50 representing the interest; one dated April 22, 1929 drawn on Republic Trust Co. for $500; and one dated August 22, 1929 drawn on Broad Street Trust Co. for $500. He produced the first two checks, but could not produce the third check, the one on the Broad Street Trust Co.; nor was he able to bring into court his check book on that bank showing a stub entry of a check to the plaintiff. The best he could do was to prove by a clerk of the bank that on that day the bank charged up against his account a check for $500 drawn in favor of somebody.

The plaintiff testified that neither of the two checks presented by the defendant had anything to do with the note in suit; that they were payments on account of other loans made by him to defendant; and that no check for $500 had been given him by defendant drawn on the Broad Street Trust Co. on August 22, 1929. He stated that the judgment note in suit had been given by defendant to him as collateral security for a loan of $1,000, which at defendant's request he had made the same day to the latter's brother-in-law, Philip Rudovsky, and for which Rudovsky had given him a judgment note; that Rudovsky had paid $800 on this note, and that he is pressing defendant on his collateral note for the balance due. The defendant admitted that he had borrowed money from plaintiff on other occasions. His explanation why he had not obtained the note from plaintiff when he made the last payment was very lame. One of his witnesses, Rudovsky's son, who testified with minute detail to the pay-

ment of his father's note to plaintiff and its destruction at the time of payment was confronted by that note produced from the prothonotary's office, where it was on file. His testimony was clearly a fabrication. The judge who saw and heard the witnesses was satisfied that the evidence on behalf of the defendant was altogether untrustworthy. We agree with him and find no abuse of discretion in refusing to open the judgment.

The statement of questions involved raises a matter not covered by the assignments of error. These were restricted to (1) the alleged reception in evidence of the appellee's account of the payments made by Rudovsky on the note; and (2) the order discharging the rule to open the judgment. We have already discussed the second. The first is also without merit, for the appellee's account was not offered or received in evidence. He was called by defendant's counsel as under cross-examination and used his account, made by himself as the payments were made, to refresh his recollection. This he had a right to do. Appellant raises the question whether the opinion of the court below can be filed by a judge who did not hear argument on the rule. Counsel states that the evidence was heard by Judge PARRY; the argument on the rule by Judge McDEVITT; and that the opinion was filed by Judge PARRY. The record certified to us fails to show which of the judges sat at the argument of the rule; and the opinion filed was specifically denominated the opinion of the court, though filed by Judge PARRY. We take it that it was concurred in by Judge McDEVITT, if it be the fact that he heard argument on the rule. Had the opinion of the court been filed by Judge McDEVITT, objection would probably have been made that he had not heard the witnesses and hence should not have passed on the matter of fact involved.

The 'constitutional right' invoked by the appellant "to be heard by his counsel" (Com. v. Brown, 309 Pa.

515, 164 A. 726) is specifically restricted to criminal prosecutions: Sec. 9 of Art. I—Declaration of Rights.

On the record before us we find no error justifying a reversal of the order of the court below.

The order is affirmed.