McDevitt, Appellant, *v.* Precision Manufacturing Co.

Argued March 22, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*M. C. Craine,* with him *Herman Toll,* for appellant.

*Frank R. Ambler,* for appellees.

OPINION BY WOODSIDE, J., August 30, 1954:

This case arises under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566; 77 PS 1201 et seq. The question presented is whether the claimant was exposed to the hazard of silica for a sufficient period of time to entitle him to receive compensation under the Act.

Section 301(d) of the Act, 77 PS §1401(d), provides as follows: "Compensation for silicosis or anthraco-silicosis, and asbestosis, shall be paid only when it is shown that the employe has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard."

Thus the Act imposes upon the claimant the burden of proving employment in an occupation having a silica hazard for that period. *Sulewski v. Baldwin Locomotive Works,* 168 Pa. Superior Ct. 346, 77 A. 2d 715 (1951).

The referee found that the claimant failed to prove an exposure to silicosis, and disallowed compensation.

The board likewise denied compensation, finding "that the claimant was not exposed to a silica hazard for an aggregate period of four years during the eight years next preceding the date of disability."

On appeal the Court of Common Pleas sustained the board.

Upon review the question to be resolved by the appellate court is "whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence." *Walsh v. Penn Anthracite Mining Company,* 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51 (1942).

The evidence indicates that the claimant was employed by the defendant-appellee from August 3, 1948 to October 6, 1950, a period of 2 years and 2 months, upon which date he ceased work due to total disability induced by illness. There is evidence, although contradicted, that this disability was caused by silicosis. His work for the defendant consisted in grinding and sanding cast iron castings. Prior to this employment claimant was employed by the Lanum Metal Company from April 1948 to July 1948,—a period of four months. From November, 1940 to November, 1947, he was in the employ of the United States Mint during which period he worked between six and seven months grinding nickel, silver and bronze and during the remainder of this employment was occupied in coin cutting and miscellaneous work such as the collection and burning of rubbish.

Even assuming that the claimant was exposed to silica hazard during the entire 26 months term of his employment with the defendant (and the testimony is contradictory on this point) the claimant could not meet the burden of establishing an aggregate of four years exposure, since by the testimony of his own medical witness his occupation at the United States Mint had been a silica hazard for at most seven months—a period during which he had been doing grinding work. Thus an aggregate exposure period of only 33 months was established. Although it is the claimant's contention that he was exposed to silicosis hazard for a longer period while employed by the United States Mint the board after weighing all the evidence concluded that such was not the case.

The mere fact that the claimant continued in employment with the United States Mint for a period greater than the requisite four years aggregate exposure period is not sufficient: *Bingaman v. Baldwin*

*Locomotive Works et al.,* 159 Pa. Superior Ct. 29, 46 A. 2d 512 (1946). As Judge Ross said in speaking for this court in *Tokash v. Early Foundry Company et al.,* 157 Pa. Superior Ct. 467, 471, 43 A. 2d 553 (1945) : "While a claimant may combine periods of exposure in order to reach the required aggregate, he may not include in the computation periods of employment in a different and non-hazardous occupation because he happens to have the same employer for both jobs."

We are of the opinion that the findings of the board which are based upon sufficient competent evidence, support the conclusion that the claimant was not exposed to a silica hazard for the statutory period so as to be compensable under The Pennsylvania Occupational Disease Act.

Judgment affirmed.