Chuplis, Appellant, *v.* Steve Shalamanda Coal Company.

Argued December 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

reargument refused April 22, 1960.

*W. J. Krencewicz,* for appellant.

*Hiram J. Bloom,* Special Assistant Attorney General, with him *Wilson H. Oldhouser,* Assistant Attorney General, *David C. Harrison,* Deputy Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., March 24, 1960:

This is an appeal from the order of the Court of Common Pleas of Schuylkill County dismissing the claimant's appeal from a decision of the Workmen's Compensation Board denying her compensation which she claimed under The Pennsylvania Occupational Dis-

ease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1201 et seq.

A claimant under this act must establish both an occupational disease which "is peculiar to the occupation or industry in which the employe was engaged," and "compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry." See §301, as amended 77 PS §1401(c).

The claimant in this case is the widow of Joseph Chuplis who died January 15, 1957. The decedent was employed in different anthracite mines from 1932 to December 1950. The referee found that the deceased died as the result of anthracosilicosis accompanied by active pulmonary tuberculosis more than four years after the date of his last employment in the anthracite industry.

The claimant alleged that the deceased was employed by Steve Shalamanda Coal Company between January 1951 and January 30, 1953. Concerning this the referee found, and the board affirmed, the following: "Decedent had obtained permission from the defendant and between the dates of January 1951 and January 30, 1953 he performed work around a coalhole on the premises of the defendant, doing various chores, including on occasion those in connection with the duties of a hoisting engineer. There was no contract of employment between the decedent and the defendant and no wages were payable or in fact paid."

It seems from the testimony that the "company" named by the claimant as a defendant is a fictitious name used by Steve Shalamanda, who carried no workmen's compensation insurance. Shalamanda appeared at the hearing without counsel and was called and examined by the special assistant attorney general. The Commonwealth is an additional defendant and would

be liable for compensation. Shalamanda testified that Chuplis was employed by him and paid $7 per day in cash. As Shalamanda had previously told Charles Butler, an adjuster for the Workmen's Compensation Bureau, Occupational Disease Fund, that Chuplis had not been employed by him, counsel representing the Commonwealth pleaded surprise, and was permitted to cross-examine Shalamanda, who admitted that he had told the investigator that Chuplis had not been employed by him. Butler also testified to this conversation. The referee and the board decided that Shalamanda's testimony was not credible, and that the deceased had not been employed in an occupation or industry with a silica hazard within four years of his death. They both concluded, therefore, that the claimant was not entitled to compensation.

It is the prerogative of the referee and the board, and not the court, to weigh the testimony of witnesses and to accept or reject it in whole or in part accordingly. *Johnson v. Valvoline Oil Co.*, 131 Pa. Superior Ct. 266, 279, 200 A. 224 (1938). When the decision of the board is against the party having the burden of proof, the question for the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Company*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51 (1942) ; *McDevitt v. Precision Mfg. Co.*, 176 Pa. Superior Ct. 450, 451, 107 A. 2d 575 (1954). The trier of facts is not required to accept even uncontradicted testimony as true. *Zilek v. C. C. Coal Co.*, 186 Pa. Superior Ct. 628, 631, 142 A. 2d 507 (1958). There is no inconsistency in the finding and conclusions of the board in this case, nor is there a capricious disregard of competent evidence.

The claimant contends that the court erred in permitting the Commonwealth to plead surprise and to cross-examine Shalamanda or to introduce Butler's testimony, because Shalamanda was a co-defendant. It does not appear that the question was raised in the court below, or that a specific exception was taken to the cross-examining of Shalamanda, but this is not important as there is no merit to the contention. It is not error to permit, under proper circumstances, a party to cross-examine a witness who is a co-defendant. See III Wigmore on Evidence (Third Edition) §916. Counsel for claimant argues that the special assistant attorney general "had no right to rely upon any statements made by Charles Butler as to any oral statements made by Shalamanda himself." This he bases upon the statement in *Selden v. Metropolitan Life Ins. Co.*, 157 Pa. Superior Ct. 500, 505, 43 A. 2d 571 (1945), that "Counsel may *not* rely on a prior *oral* statement of the witness unless made in the presence of the party calling him or his counsel." The Commonwealth was the "party" calling the witness. Its only ears are those of its officers and employes. The statements of the witness were made in the presence of Butler who, for the purpose of hearing what Shalamanda said, was in the place of the Commonwealth.

In a prior workmen's compensation case brought by Chuplis against Hammond Coal Co., there was a finding of fact that Chuplis was employed by the Shalamanda Company. That case involved a different claimant and a different defendant. There is no merit to claimant's contention that the finding in that case is binding in this case. "An adjudication of the husband's right is not res adjudicata of the widow's; they involve two separate and distinct parties and actions." *Polk v. Western Bedding Co.*, 145 Pa. Superior Ct. 142, 148, 20 A. 2d 845 (1941) ; Henry Pa. Evidence §809.

When this case was argued in the Court of Common Pleas of Schuylkill County, that court was composed of President Judge PALMER, and Judges CURRAN, DALTON and STAUDENMEIER. Judges PALMER and DALTON heard the oral argument. President Judge PALMER died before the case was decided. The opinion was written by Judge STAUDENMEIER, and approved by President Judge CURRAN and Judge DALTON.

The appellant contends that the order entered by Judge STAUDENMEIER has no validity because he did not sit with the court en banc when it heard the oral argument.

The court is a tribunal, or judicial agency of the government separate from the individuals who compose it. It is a continuing body which survives the death of its members. See *Commonwealth ex rel. Gregory v. Gregory*, 188 Pa. Superior Ct. 350, 356, 146 A. 2d 624 (1958). An order entered by a judge other than the one who heard the case is not thereby rendered void. *Commonwealth ex rel. Dion v. Tees*, 180 Pa. Superior Ct. 82, 89, 90, 118 A. 2d 756 (1955) ; *Rosen v. Seidenberg*, 111 Pa. Superior Ct. 534, 170 A. 351 (1934). See also 10 P.L.E. Courts §§82, 83.

There was no effort here to exclude a colleague from consideration of the case, as in *Summers v. Kramer*, 271 Pa. 189, 114 A. 525 (1921), or to dispose of a matter over the objection of other members of the court as in *Hanover Township School Directors*, 290 Pa. 95, 137 A. 811 (1927), or to dispose of exceptions by a chancellor without the joinder of the other judges of the court as in *Carney v. Penn Oil Co.*, 289 Pa. 588, 137 A. 799 (1927), or to dispose of the case without the participation of one of the judges of a two judge court as in *Sterrett v. MacLean*, 293 Pa. 557, 143 A. 189 (1928), and *Zimmerman v. Pennsylvania R. R.*, 293 Pa. 264, 142 A. 220 (1928). Nor does the validity of the order of the court below involve the powers of associate

judges, not learned in the law, as did the case of *Butts v. Armor,* 164 Pa. 73, 30 A. 357 (1894). In all of these cases, one or more members of a court were denied the opportunity of participating in the disposition of a case which should have been passed upon not by a judge but by the court.

In the matter now before us the opinion was approved by all the judges who were members of the court at the time the opinion was filed. The only surviving judge who heard oral argument approved the opinion.

Generally, legal questions such as those involved in this case are presented to a court en banc by both oral arguments and written briefs. The three judges who approved the order and the opinion in this case are presumed to have given judicial consideration to the contentions of the parties as set forth in their briefs and to the opinion of Judge STAUDENMEIER which disposed of the legal contentions.

It would have been better practice had the opinion been written by a judge who had heard the oral argument, but where a majority of the judges of the court approves an opinion disposing of a question of law, the litigants have no legal right to question which judge wrote it.

Order affirmed.