Wehr, Appellant, *v.* Philadelphia Derrick & Salvage Corporation.

Argued March 22, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

reargument refused May 2, 1960.

*Lloyd A. Good, Jr.,* with him *Wesley H. Caldwell,* and *Roper & Caldwell,* for appellant.

*Peter P. Liebert, 3rd,* with him *John J. McDevitt, 3rd,* for appellees.

OPINION BY WRIGHT, J., April 13, 1960:

This is a workmen's compensation case. We are concerned with an appeal by the widow-claimant from an order of Court of Common Pleas No. 1 of Philadelphia County affirming a decision of the Workmen's Compensation Board which had dismissed the claim petition.

Appellant's theory is that her husband, George G. Wehr, was an employe of the Philadelphia Derrick & Salvage Corporation, and that he met his death in an automobile accident on June 8, 1955, while in the course of his employment. The claim petition, filed December 5, 1955, alleges that the decedent had made a trip to the Havre de Grace Shipyard on his employer's business and was returning to Philadelphia by automobile when the accident occurred on U. S. Route 40 near Elkton, Maryland. An answer was filed denying the material averments of the claim petition. After taking testimony at hearings on June 12, 1956, December 11, 1956, and March 5, 1957, the referee made an award, March 12, 1957, based upon findings of fact that claimant's decedent was in the employ of the defendant corporation, and that he was in the course of his employment at the time of his death. Following the insurance carrier's appeal, and upon petition of the

claimant, the board, September 25, 1957, remanded the record. After taking additional testimony at a hearing on January 14, 1958, the referee, April 9, 1958, made a second award. The insurance carrier again appealed. On May 6, 1959, the board filed its decision vacating certain of the referee's findings of fact, and substituting findings of its own to the effect that claimant's decedent "was at the Havre de Grace Shipyard primarily on a personal mission disassociated from business of the defendant-corporation", and that he was "an owner rather than an employe". As a result of its factual findings, the board concluded that decedent's widow was not entitled to benefits and dismissed the claim petition. The widow-claimant then appealed to the court of common pleas, which tribunal, December 28, 1959, affirmed the board's decision.

In an opinion handed down this day in *Hurlburt v. Fidelity Window Cleaning Co.*, 192 Pa. Superior Ct. 152, 160 A. 2d 251, we restated the legal principles which govern cases of this nature. Claimant has the burden to prove all of the elements necessary to support an award. We must view the evidence in the light most favorable to the party having the board's decision. Where the board has made a determination against the party having the burden of proof, the question before the court on appeal is whether the board's findings of fact are consistent with each other and with its conclusions of law, and can be sustained without a capricious disregard of the competent evidence. It was for the board as the final fact finding body to determine from all the evidence whether claimant had sustained the burden resting upon her, and its finding that she had not is a pure finding of fact. As pointed out by Judge WOODSIDE in *Chuplis v. Slove Shalamanda Coal Co.*, 192 Pa. Superior Ct. 76, 159 A. 2d 520, it is the prerogative of the board, and not the court, to weigh the testimony of the witnesses, and the board is not

required to accept even uncontradicted testimony as true. In the light of these well-established principles, we perceive no error in the decision of the court below. There is no material inconsistency in the findings and conclusions of the board in the instant case, nor is there a capricious disregard of competent evidence. We adopt the following excerpt from the well-considered opinion of President Judge HAGAN :

"Claimant's case was based upon the testimony of one Colonel Whitpain and a Mr. Wiley. On direct examination Colonel Whitpain testified that he was President of Philadelphia Derrick & Salvage Corporation; that the decedent was an employe of Philadelphia Derrick in the capacity of consultant; and that the decedent was sent by Whitpain, his superior, to Havre de Grace Shipyard on the business of Philadelphia Derrick. Wiley testified on direct examination that he was General Manager of Havre de Grace Shipyard; that the decedent came to the yard on June 7, 1958; that on the afternoon of the 7th and the following day, June 8th, he and the decedent discussed the business of Philadelphia Derrick; and that on June 8, 1958, the decedent's car was heading back toward Philadelphia when it crossed over the medial strip and hit another car, causing his death.

"On direct examination Whitpain was positive that the decedent had no interest in Philadelphia Derrick other than as a $350.00 a month employee; and Wiley was equally as positive that the decedent was at the shipyard solely on Philadelphia Derrick's business and that decedent had no interest in the shipyard.

"On cross-examination of Colonel Whitpain, as well as through the introduction of documentary evidence, it appeared that Philadelphia Derrick was actually part of a network of companies owned by decedent; that Whitpain was only fronting for the decedent; and that the alleged employer-employee relationship was

fictitious. As an example, the minutes of Philadelphia Derrick, which were introduced for the purpose of showing that the decedent was only an employee, actually revealed that decedent's salary was fixed as being the same as that of Whitpain, the President of the corporation, and that the decedent, the alleged employee, was to share equally with Whitpain in the profits of the business.

"Depositions of Wiley, which were introduced into the record, revealed that Wiley had previously stated that only a small portion of the time that decedent was at Havre de Grace was devoted to the business of Philadelphia Derrick, and that most of the time of the decedent while he was at the shipyard was devoted to other business interests of the decedent. Wiley also had stated in his deposition that the decedent had an interest in the shipyard.

"In its opinion the Board stated that it did not believe the testimony of Whitpain and Wiley to the effect that Wehr was merely an employee and was at Havre de Grace Shipyard solely on the business of Philadelphia Derrick. Bearing in mind that claimant had the burden of proving that the decedent was an employee of Philadelphia Derrick and that at the time of his death he was acting within the scope of his employment with Philadelphia Derrick in a furtherance of the business of Philadelphia Derrick; and also bearing in mind that the Board is the arbiter of facts in Workmen's Compensation matters, we conclude that, on the basis of the record which was before it, the Board was amply justified in refusing to believe that the decedent was an employee of Philadelphia Derrick, or that he was on the company's business at the time he was killed. This being so, claimant failed to sustain her burden of proof, and the Board properly refused to grant compensation".

Order affirmed.