**Robert Boatman, Plaintiff-Appellant, v. Alvin Jordan, Defendant-Appellee.**

**Gen. No. 50,635.**

First District, Fourth Division.

October 23, 1968.

Horwitz & Anesi, Nat P. Ozmon, and Richard A. Lewin, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Heineke, Conklin & Schrader, of Chicago (William H. Schrader and Edwin A. Strugala, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Robert Boatman, plaintiff, filed a suit to recover damages for personal injuries allegedly sustained in the fall of an elevator in a commercial building. On September 13, 1962, plaintiff filed a second amended complaint, the one which is germane to the instant appeal. In that complaint the plaintiff joined as defendants Alvin Jordan, the owner of the building; one Elmer C. Warner, the previous owner of the building; Sherwin-Williams Co., and Lowe Brothers Co., who were either tenants or subtenants on or prior to January 7, 1961, the date of the accident; and two elevator maintenance companies. The complaint alleged that on or prior to that date, each, or some of the defendants, were guilty of negligent acts or negligent omissions which proximately caused physical injury to the plaintiff. All of the defendants filed answers. Jordan filed a third-party complaint against Warner, the elevator maintenance companies, and Forest Paint Company.

On November 27, 1964, defendant Jordan filed a motion with supporting affidavits and exhibits, seeking summary judgment against Boatman on the sole ground that plaintiff's claim was barred by the Workmen's Compensation Act, as set forth in detail later in this opinion. Boatman filed a reply to the motion and produced depositions on oral examination of Jordan and codefendant Warner, the previous owner. The trial court sustained Jordan's motion for summary judgment in his favor, and in that order, in accordance with section 50(2) found that

there was no just reason for delay in enforcement or appeal. From that order of the trial court this appeal is taken.

The plaintiff, Robert Boatman, was employed as a laborer by Forest Paint Co., in Forest Park, Illinois. He had been working in that capacity for six months prior to January 7, 1961. On that day, at about 9:00 a. m., the plaintiff was working with the foreman, Daniel Shaw, at 7236–7250 Franklin Street, Franklin Park, Illinois. They were engaged in moving the place of business of Forest Paint Company. At the request and direction of defendant Jordan, they were moving and storing drums of resin. With Jordan present, they rolled some drums onto the freight elevator of the building; took the drums to the fourth floor, removed them from the elevator, and stored them in a place designated by Jordan. Jordan then left and told Boatman and Shaw to take the other load up to the fourth floor.

After rolling six or eight drums onto the elevator Shaw and Boatman went to the fourth floor. The elevator was operated by pulling on a rope to start it and pulling another rope to stop it. After stopping at the fourth floor they remembered that they had to pick up some boards on the third floor. Shaw pulled the rope and the elevator started downward; when they got to the third floor he pulled the rope to stop. The elevator seemed to stop for an instant, then fell to the bottom of the shaft. The accident was caused by the breaking of rusty cables of the elevator. Boatman suffered physical injuries and received workmen's compensation from Forest Paint Co., his employer.

The building in which the accident occurred had been sold by Warner and his wife; title to the property was taken in trust by Oak Park National Bank for the sole benefit of Alvin Jordan, who was president, director and principal stockholder of Forest Paint Company. In his

57

deposition submitted on the hearing on the motion for summary judgment, Jordan stated that the building was purchased by him in his own name as the sole beneficial owner under the trust, and that the price was paid from his own bank account. The deed in trust was dated November 4, 1960, and the sale was consummated November 15, 1960.

In the early part of October, Jordan and Warner viewed the premises. In his deposition Jordan stated that Warner told him he had just had the elevator inspected; that up to November 1960 the elevator had been inspected and serviced by Trimon Elevator Company.

On December 22, 1960, Jordan, by written lease, demised the entire building to Forest Paint Co., "to be occupied solely for the purpose of a paint factory, warehouse, office and a paint store," the lease to become effective January 1, 1961, and to terminate on October 31, 1962. After the Christmas holidays in 1960, Forest Paint Co. started to move in. The lease contained a clause providing that the lessee would keep said premises, including all appurtenances, in good repair during the term of the lease, at lessee's expense.

In his amended answer to the amended complaint, Jordan, among other affirmative defenses, pleaded the bar of section 5(a) of the Workmen's Compensation Act (Ill Rev Stats 1961, c 48, § 138.5(a)), which provides:

> "No common law or statutory right to recover damages from the employer or his employees for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

At the time of the occurrence Boatman was an employee of a corporation occupying the building in question as a tenant under a formal lease from Jordan, the defendant, who was also president and principal stockholder of the corporate employer-tenant. In this court the only issue briefed by either party is whether Boatman's action against Jordan is barred by section 5(a) of the Workmen's Compensation Act, since Jordan was either the employer of Boatman, or a fellow-employee, or both. Jordan contends for the affirmative of that proposition.

Boatman, on the other hand, contends here that Jordan was not sued in his capacity as president of Boatman's employer, Forest Paint Co., but solely in his individual capacity as a landlord with certain duties to persons using the elevator in the building owned by him. In any case, a president of a corporation under Illinois law is not ipso facto a coemployee; in the instant case, the owner-landlord an individual, and the tenant-employer a corporation, were separate and distinct entities, and section 5(a) of the Workmen's Compensation Act is not applicable.

Boatman argues that Jordan has admitted that the building was purchased with his own funds and that he personally received a rental of $900 per month from Forest Paint Co., the corporate-tenant. In the brief filed by Jordan in this court he stated:

> "Plaintiff in asking this Court to overrule the motion judge essentially contends that defendant as president and principal stockholder of Forest Paint was not an employe of that company within the meaning of Section 5(a) of the Workmen's Compensation Act; that in any event plaintiff has brought this action against defendant as an individual, and as owner of the building, and not as president or agent of the company. Plaintiff also urges this Court

59

not to pierce the 'corporate veil,' but to treat defendant as one entity and Forest Paint as another. On these premises, plaintiff contends further that since defendant in the usual scheme of things purportedly would have an independent liability as owner of the building, supposing plaintiff able to prove his case under the issues of negligence alleged in his amended complaint, triable issues of fact on the question of defendant's liability were for the jury and improperly were taken from the jury by the motion judge in ruling favorably on defendant's motion for summary judgment."

It is the rule in Illinois that an individual making a lease with an entity purporting to be a corporation is estopped to deny the separate corporate existence of the lessee. West Side Auction House Co. v. Connecticut Mut. Life Ins. Co., 186 Ill 156, 160, 57 NE 839. It has also been held that the doctrine of corporate entity is one of substance and validity and should be ignored with caution. Superior Coal Co. v. Department of Finance, 377 Ill 282, 36 NE2d 354.

In Earp v. Schmitz, 334 Ill App 382, 388, 79 NE2d 637, the court said:

"There is no controversy about the rules that a corporation is a distinct entity; that a sole stockholder is not the owner of corporate property; and that generally one who has created a corporate entity will not be permitted to disregard it to gain an advantage, which under it would be lost."

In Superior Coal Co. v. Department of Finance, supra, the court discussed the legal fiction of the corporate entity and said that as a general rule a corporation and its stockholders are deemed separate entities. The court quoted from Commerce Trust Co. v. Woodbury, 77 F2d 478, where it was stated, at page 487:

". . . the corporation will be regarded as a legal entity, as a general rule, and the courts will ignore the fiction of corporate entity only with caution, and when the circumstances justify it, and when it is used as a subterfuge to defeat public convenience, justify wrong, or perpetrate a fraud."

In Dregne v. Five Cent Cab Co., 381 Ill 594, 46 NE2d 386, the court lays down the rule that a corporation is an entity separate and distinct from its shareholders, and the fact that the shareholders of two corporations are identical does not mean that the two corporations are to be considered as a single entity.

It has been held that a director is not liable for a tort committed by a corporation unless he actively participated in the wrongdoing, and in Lowell Hoit & Co. v. Detig, 320 Ill App 179, 50 NE2d 602, the court said, at 183: "The mere fact that a person is a director in a corporation does not necessarily render him liable for the torts of the corporation or its agents. In other words, directors are not to be held liable for the negligence of the corporation merely because of their official relation to it." (Citing 19 CJS 271, and Kulesza v. Chicago Daily News, Inc., 311 Ill App 117, 35 NE2d 517.)

In this court Jordan argues, citing Larson, Workmen's Compensation, § 54.10, page 786, who criticizes the Illinois courts' construction of the term "employee," according to the common law concepts, and he further argues that under the construction of the word "employee" in other jurisdictions, the word should be given a broad meaning. In support of his contention Jordan cites Chmelik v. Vana, 31 Ill2d 272, 201 NE2d 434, which is not at all in point.

Angerstein, Illinois Workmen's Compensation (1952), also thinks the common-law rule should not be employed in workmen's compensation cases. However, he flatly states in section 141, that it is generally held that offi-

61

cers of a corporation and those acting in an executive or managerial capacity, are not per se employees within the provisions of the Compensation Act and are not entitled to compensation in the case of accidental injury. He states that the essential reason is that one person cannot be both employer and employee at the same time.

In a late decision handed down by the Illinois Supreme Court, B. W. Sales Co. v. Industrial Commission, 35 Ill2d 418, 220 NE2d 405, the court says that the sole issue presented is whether the claimant, the sole stockholder of B. W. Sales Company, a corporation of which he is president, treasurer and director, is an employee of that corporation within the meaning of the Workmen's Compensation Act. The court points out that this is a case of first impression in Illinois. The question was as to whether the claimant was entitled to receive compensation from the corporation for an injury allegedly sustained in the course of his duties as an employee. The plaintiff was injured in an automobile accident when he was returning from Bloomington, Illinois, to Dundee, where he lived and where the corporation maintained its offices as manufacturers' representative selling industrial brushes. Claimant had driven from Dundee to Bloomington to sell brushes to another company and was returning when the accident occurred. The court cites and quotes as follows:

> "Section 1 of the Illinois Workmen's Compensation Act (Ill Rev Stats 1965, chap 48, par 138.1(a)2) defines the term 'employer' as: 'Every person, firm, public or private corporation, including hospitals, public service, eleemosynary, religious or charitable corporations or associations who have any person in service or under any contract for hire, express or implied, oral or written, . . . .' Paragraph (b) of said section (Ill Rev Stats 1965, chap 48, par 138.1 (b)2) defines an 'employee' as: 'Every person in the service of another under any contract of hire, express or implied, oral or written, . . . .'"

The court cites Stevens v. Industrial Commission, 346 Ill 495, 179 NE 102, as follows:

> "[t]he court adopted the so-called dual capacity doctrine followed by a majority of the States. Under such doctrine an officer, director or stockholder will not be denied compensation merely because he is an officer, director or stockholder, if, as a matter of fact, at the time of his injury he is engaged in manual labor or the ordinary duties of a workman and receives pay in the capacity of an employee, or if he was engaged in employment palpably separate and distinct from the official duties falling upon him as an officer of the corporation. 99 CJS, Workmen's Compensation, sec 82, pp 302–304.
>
> "The court concluded in Stevens that a secretary and treasurer of a corporation in which he owned 48% of the stock was acting as an employee in going to a debtor's place of business to collect an account and was entitled to compensation for an injury occurring on such a trip."

In the B. W. Sales Co. case the court also cites Grossman v. Industrial Commission, 376 Ill 198, 33 NE2d 444, and quotes:

> " 'It is clear that in order to entitle an officer of a corporation to recover compensation under the Workmen's Compensation Act he must prove that his injury was received while engaged in employment as an employee of the company and not in the performance of the duties appertaining to his official capacity.' "

In that case the court takes the view that at the time of his injury the claimant was performing in a capacity as a traveling salesman and not as an officer of the company; therefore, his injuries were compensable unless the corporate entity be disregarded.

63

In Ryan v. State Auto Parts Corp., 255 Ill App 422, the plaintiff, while on the premises of the defendant, was injured by falling down an elevator shaft negligently left open and unguarded. He brought suit against the defendant and it was argued that he could not bring the suit since at the time he was in the employ of the Motor Transportation Company which, with the defendant, was under the Illinois Workmen's Compensation Act. The plaintiff was the executive manager of the company; he had learned that defendant had some secondhand trucks for sale and he went to examine them with a view of buying them for the company. While on the defendant's premises on this errand the accident occurred. The court held that at the time of the accident the plaintiff was not acting as an employee of the transportation company and was entitled to prosecute his claim by an action at common law. The court said, at page 424: "One who is an officer of a corporation, while acting as such, represents the corporation and his acts are the acts of the corporation. He makes the contracts of employment of the corporation with the employees, and it would be an obvious misnomer to call him an employee while so acting for the corporation."

It is apparent that without some showing of an actual employment the president of a one-man or principally-owned corporation cannot be considered its employee merely because of that fact. While the cases cited deal with the question of the circumstances under which an officer of a corporation may collect compensation, nevertheless, the rule therein laid down is controlling.

In our opinion, under the cases and text writers cited, at the time of the accident Jordan could not have been considered a fellow-employee of Boatman, and consequently a common-law suit could be brought by Boatman against him, and whether or not the Illinois cases, as the defendant argues, may be subject to just criticism, is immaterial, as they are binding upon us.

The judgment of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.