## Eisner v. Berman

*Boris Shapiro,* for plaintiff.
*Nicholas M. D'Alessandro,* for defendant.

ALEXANDER, J., July 28, 1970.—This is an action in trespass wherein plaintiff claims damages as a result of injuries sustained in an automobile accident which occurred on November 25, 1964. The case was tried on the liability issue alone before the court, sitting without a jury, on an agreed statement of facts. The sole question to be decided is a legal one, i.e., whether plaintiff's exclusive remedy is under the provisions of the Pennsylvania Workmen's Compensation Act. The facts of this case present an issue which does not appear to have been expressly decided in any previously reported decisions in this Commonwealth. For purposes of this decision, the following are agreed to be the facts:

On November 25, 1964, defendant was operating an automobile in a southerly direction on the West River Drive when, at a point under what is known as the "Twin Bridges," the automobile was caused to move

into the northbound lane of the West River Drive, due to defendant's negligence, causing a head-on collision with a northbound vehicle, resulting in injuries to plaintiff.

At the time of the accident, plaintiff was an employe of Arthur A. Kober Company, Inc., (hereafter called "company"). Plaintiff concedes that his only remedy against the company is under the provisions of the Workmen's Compensation Act. Plaintiff also concedes that if it is found that defendant, at the time of the accident, was an employe of the company, he cannot maintain this action.

Counsel for the respective parties read into evidence during the course of the trial a number of paragraphs from various pleadings filed in the case, all of which related to the relationship of plaintiff and defendant to the company. However, all of these averments were conclusions of law and will not be relied upon in reaching a decision. Only that portion of the testimony constituting facts will be relied upon. Those facts are as follows:

The sole stockholders of the company are defendant and Cecelia Berman, defendant's wife, both of whom owned all of the company's stock. Defendant had no employment contract with the company. His title with the company was that of "President." His duties being to "create profit for the corporation." Defendant did not have to consult with anyone when making decisions, signing contracts or engaging in similar activity. Defendant took vacations during the course of the year without consulting anyone else and the length of those vacations were determined by himself. Defendant had complete control over his duties "for the corporation," complete control over what his activities would be and complete control over what decisions were made, insofar as those activities were consistent

with keeping the business going and generating a profit "for the business."

Defendant is an engineer and testified that "I work for Arthur A. Kober Company" which is a corporation. Defendant owns 45 percent of the company's stock and is the president of the company. Another 45 percent is owned by defendant's wife. The remaining 10 percent of the stock was owned by another corporation, Development Company, controlled by defendant and his wife. The only other officer of the company is one Charles Roller who is vice president. Defendant testified that he was "associated with the corporation for fifteen years and was 'employed as President' at the time of the accident."

At the time of the accident, plaintiff was with defendant on his way "downtown." He worked for the company directly under Roller, who was the chief estimator. Prior to entering the automobile on the day of the accident, plaintiff had been engaged in "routine office duties." The trip during which the accident occurred was taken at the "request" of defendant. Defendant told plaintiff that they were going "in answer to a bid we had submitted on a job that I [plaintiff] had estimated on." Plaintiff knew that his destination was to be an architect's office to keep a specific appointment. On the way to the architect's office, defendant discussed the estimate with plaintiff. Apparently, plaintiff received all he was entitled to receive from the company under the provisions of the Workmen's Compensation Act.

The relevant sections of the Workmen's Compensation Act are as follows:

77 PS §72—"Liability of fellow employee

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death

for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong. 1915, June 2, P. L. 736, Art. II, 205, added 1963, Aug. 24, P. L. 1175, No. 496, §1."

77 PS §21—" 'Employer' defined

"The term 'employer,' as used in this act, is declared to be synonymous with master, and to include natural persons, partnerships, joint-stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it. 1915, June 2, P. L. 736, art. §1, 103; 1937, June 4, P. L. 1552, §1; 1939, June 21, P. L. 520, §1."

77 PS §22—" 'Employee' defined

"The term 'employee,' as used in this act is declared to be synonymous with servant, and includes—All natural persons, who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished or repaired, or adapted for sale in the worker's own home, or on other premises, not under the control or management of the employer. *Every executive officer of a corporation elected or appointed in accordance with the charter and by-laws of the corporation, except elected officers of the Commonwealth or any of its political subdivisions, shall be an employee of the corporation.* As amended 1956, Feb. 28, P. L. (1955) 1120, §1." (Italics supplied.)

Plaintiff's contention is that defendant is not a fellow employe of defendant and thus plaintiff is not barred from claiming damages against him, since defendant was a principal stockholder of plaintiff's corporate employer and subject to the control of no one.

Plaintiff, in support of his position, relies on cases which hold that one who is a substantial stockholder of a corporation and not subject to anyone's control is not an employe of the corporation for purposes of claiming benefits under the Workmen's Compensation Act.

Defendant, on the other hand, contends that at the time of the accident, defendant and plaintiff were either fellow employes under 77 PS §72 or that defendant, being the principal stockholder of the corporation and at the time of the accident in the business of the corporation, was, in effect, plaintiff's employer. Defendant relies principally upon the statutes cited above.

The picture which emerges from the facts offered into evidence by counsel is a simple one, not uncommon in the modern world of the small entrepreneur. Plaintiff, an employe of a small family corporation, created and principally owned and controlled by defendant and his wife, was injured while on the corporation's business as the result of the negligence of defendant who, at the time was on the same business of the corporation as that in which plaintiff was engaged. For the reasons stated hereafter, the court concludes that plaintiff's action is barred by 77 PS §72.

The cases cited by plaintiff[1] are all cases in which the principal stockholder of a corporation sought to claim benefits under the provisions of the Workmen's Compensation Act. Reasoning that the traditional role of master and servant did not exist between the claimant and the corporation, the courts denied the claims. In 1955, the act was amended to include executive officers of corporations as employes for purposes

[1] Nirenstein v. Colang, Inc. 111 Pa. Superior Ct. 72 (1933); Carville v. A. F. Bornot & Co., 288 Pa. 104 (1927); Wehr v. Philadelphia Derrick & Salvage Corporation, 192 Pa. Superior Ct. 161 (1960).

of the act.[2] Subsequent to that amendment, the Superior Court denied a claim by a substantial stockholder of a corporation who also was an executive officer: Wehr v. Philadelphia Derrick & Salvage Corporation, 192 Pa. Superior Ct. 161 (1960). No reference is made in the court's opinion to the 1955 amendment. Nor does an independent search of the record papers caused to be made by this court reveal any reference to the amendment in the briefs of counsel in Wehr. This court can only conclude that the amendment was not brought to the attention of the Superior Court or, in the alternative, that the Superior Court held, sub silentio, that the amendment was not intended to cover claims for compensation under the act by substantial stockholders.

In either event, this court must interpret the provisions of the Workmen's Compensation Act in the light of reason, experience and the basic purposes of the act. We are also bound by the provisions of the Statutory Construction Act, the relevant portions of which are as follows:

46 PS §551—"Construction of laws; legislative intent controls

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

"When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters (1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law,

---

[2] 77 PS §22.

if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law. 1937, May 28, P. L. 1019, art. IV. §51."

46 PS §552—"Presumptions in ascertaining legislative intent

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable;

"(2) That the Legislature intends the entire statute to be effective and certain;

"(3) . . .

"(4) . . .

"(5) That the Legislature intends to favor the public interest as against any private interest. 1937, May 28, P. L. 1019, art IV, §52."

It needs no citation to declare that the purpose of the act was to provide an employe with medical assistance and financial support during periods of disability resulting from his employment regardless of fault. Policy dictated that the employer should bear the burden of these payments. In exchange for imposing this burden on employers, the legislature, in effect, granted immunity to employers from suits against them at common law by the same employes to whom they were paying compensation.

In the case at bar, particular attention must be paid to the words of 77 PS 72. That section declares that a "person" shall not be liable at common law for disability which is *compensable under this act* for any "act or omission occurring while such person *was in the*

*same employ as the person disabled . . ."* (Italics supplied.)

Here, there is no dispute that plaintiff's disability is compensable under the act. There is no dispute that plaintiff's disability arises out of an act or omission by defendant. Nor, in our opinion, is there any question but that plaintiff and defendant were in "the same employ" at the time of the accident if we are to interpret this act by the standards cited above, i.e., reason, experience, the purpose of the act and the principles of the Statutory Construction Act.

At the time of the accident, plaintiff and defendant were, admittedly, on their way to see an architect about an estimate plaintiff had made. The trip was being made by both parties for a purpose which is clearly in the course of the company's business. *For purposes of this suit, therefore, defendant and plaintiff were "in the same employ."*

To hold otherwise would be contrary to the basic purpose of the act, i.e., to make prompt payment of compensation the exclusive remedy of the employe against the employer. To hold otherwise would permit every employe of a close family corporation who is disabled in the course of his employment by the negligence of a principal stockholder to receive the benefits of the act, and at the same time, pursue common-law remedies; such a course of conduct is clearly proscribed by 77 PS §72. The wisdom of the scheme of the Workmen's Compensation Act is not at issue here. The legislature has declared it to be the law and the court is bound by it.

The case of Boatman v. Jordan, 102 Ill. App. 2d. 55, 243 N. E. 2d 644, (1968), cited by plaintiff, contains a crucial distinction. There, plaintiff sued, inter alia, one Jordan, the president, director and principal stockholder of plaintiff's corporate employer, for injuries sustained by plaintiff in the course of his

employment when an elevator in- which he was a passenger fell to the bottom of its shaft as a result of the breakdown of rusty cables. Jordan was not physically present when the accident occurred. Title to the building in which the accident occurred "was taken in trust by Oak Park National Bank for the sole benefit of Alvin Jordan . . ."

The building was purchased by Jordan "in his own name as the sole beneficial owner under the trust, and the price was paid from his own bank account." Prior to the accident, Jordan leased the entire building to the corporation of which he was president.

In Boatman, plaintiff's joinder of his employer's principal officer and stockholder was expressly premised, not on his capacity as president of the corporate employer, but *solely in his individual capacity as landlord "with certain duties to persons using the elevator in the building owned by him."*

Under Illinois law, an individual making a lease with an entity purporting to be a corporation is estopped to deny the separate corporate existence of the lessee.

Here, plaintiff does not, and cannot, claim that defendant is being sued in a capacity other than that arising from the employment relationship. In Boatman, on the other hand, the principal stockholder of the corporate employer had a separate legal existence upon the basis of which duties flowed from him to plaintiff, i.e., landlord and business invitee. Boatman, is therefore, in our opinion, distinguishable from the case at bar.

We conclude, as previously stated, that plaintiff's action is barred pursuant to the provision of 77 PS §72.

In order to place this case in the correct procedural posture, defendant is directed to file a motion for summary judgment pursuant to Pa. R. C. P. 1035.

Unless, within 10 days after the filing of such motion, plaintiff produces competent evidence taking the case out of the provision of 77 PS §72, the court will enter an order granting defendant's motion.